# SIMMS SHOWERS LLP

J. STEPHEN SIMMS
PRINCIPAL
JSSIMMS@SIMMSSHOWERS.COM

January 23, 2009

**BY EMAIL / .PDF**

Hon. Marvin J. Garbis
Senior United States District Judge
United States District Court
 for the District of Maryland
101 W. Lombard Street
Baltimore, Maryland 21201

> Re: **Mayor and City Council of Baltimore v.
> Priceline.com Inc.,** *et al.*, **Civil Action No. MJG-08-3319**
>
> **County Commissioners of Worcester County, Maryland v.
> Priceline.com Inc.,** *et al.*, **Civil Action No. JFM-09-13**

Dear Judge Garbis:

      We are defendants' counsel in *Mayor & City Council of Baltimore v. Priceline.com Inc., et al.*, Civil Action No. MJG-08-3319 (the "Baltimore City Case") and in the related case filed January 9, 2009, *County Commissioners of Worcester County, Maryland v. Priceline.com Inc., et al.*, Civil Action No. JFM-09-13 (the "Worcester County Case").

      In the initial, December 22, 2008 Baltimore City Case conference call with the Court and counsel, Karen Valihura, counsel for priceline.com Incorporated stated that defendants seek to work with the Court and plaintiffs to achieve efficiencies including early resolution of dispositive legal issues. The Court accordingly directed the parties to confer and report back to the Court. Although Worcester County filed its related case after the call, consistent with the Court's directions in the Baltimore City Case, defendants have conferred with both plaintiffs' counsel proposing to achieve efficiencies by consolidating the cases, resolving the common dispositive legal issues and setting a consolidated case schedule.

      With this letter is defendants' proposed Consolidation Order and Initial Scheduling Order, which defendants have provided to plaintiffs.

      Worcester County and defendants agree that the Court should consolidate before you for pre-trial issues, the Baltimore City and Worcester County cases. Worcester County expressly asked us to inform the Court that Worcester County objects to defendants submitting this letter. Worcester County intends to file a separate request to consolidate, objects to the proposed Orders and has informed us that it has not had sufficient opportunity to review defendants' proposed orders in order to fully present its objections to them now. Baltimore City objects to defendants' consolidation request.

TWENTY SOUTH CHARLES STREET • BALTIMORE, MARYLAND 21201
☎ 410-783-5795 • SIMMSSHOWERS.COM
OFFICES ALSO IN LEESBURG, VIRGINIA

Dockets.Justia.com

The defendants also have conferred with each plaintiff about an Initial Scheduling Order. Baltimore City and defendants are in general agreement on this, except that Baltimore City does not agree to Subsection C of defendants' accompanying proposed Order. (Worcester County, as discussed above, generally objects due to insufficient opportunity to review.)

In Subsection C, defendants would file their Answers 30 days after the Court decides all substantive case issues. Following this, the Court also would issue a scheduling order providing for the remaining case events, including any discovery. This approach promotes judicial efficiency by not requiring defendants to answer or to provide discovery on allegations that the Court may dismiss on initial motions. Plaintiff Baltimore City, on the other hand, wants defendants to answer 30 days after the first set of motions to dismiss and before the Court has resolved all substantive issues.

Defendants respectfully request that the Court consider and enter the accompanying draft orders.

Respectfully submitted,

J. Stephen Simms


Accompanying pages: Defendants' proposed Consolidation Order and Initial Scheduling Order


cc: Hon. J. Frederick Motz, United Stated District Judge
    (by CM/ECF, filed in No. JFM-09-13), with accompanying pages


Copy to All Counsel, by email/.pdf