# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| COUNTY COMMISSIONERS OF WORCESTER COUNTY, MARYLAND,<br><br>         Plaintiff,<br>   v.<br><br>PRICELINE.COM INCORPORATED, *et al.*,<br><br>         Defendants. | No. 09-CV-0013<br>Judge J. Frederick Motz<br><br>**NOTICE OF RELATEDNESS AND MOTION TO CONSOLIDATE** |

## MOTION TO REASSIGN DUE TO RELATEDNESS

Plaintiff County Commissioners of Worcester County ("Worcester County" or "Plaintiff"), respectfully gives notice that the above-pending case is related to an earlier-filed case pending case in the District of Maryland, Baltimore Division, before the Honorable Marvin J. Garbis. In that action, the Mayor and City Council of Baltimore ("Baltimore") filed a related complaint against substantially similar defendants. Both cases involve the defendants' failure to remit certain hotel occupancy taxes to the appropriate taxing authority. Because there are many common issues of fact and law, it will be more efficient if the two cases are coordinated to the extent practicable. Plaintiff Worcester County therefore moves to have its case reassigned to Judge Garbis, so that such coordination will be possible. Counsel for the defendants has authorized Worcester County to represent that the defendants agree with the designation of the cases as related and with the relief sought herein.

I.   BACKGROUND

Plaintiff commenced this action on or about January 6, 2009, by filing a complaint in the Baltimore Division of the U.S. District Court of Maryland. The case was assigned to this Court. On December 10, 2008, Baltimore had filed a similar case, *Mayor & City Council of Baltimore v. Priceline.com, Inc. et al.*, No. MJG-08-3319, against substantially the same defendants complaining of similar conduct. Baltimore's case was assigned to the Honorable Marvin J. Garbis. The gravamen of both actions is that the defendants,[1] internet travel companies, have failed to remit hotel taxes to the local taxing authority. *Worcester County* Complaint ¶¶ 1, 2, 3; *Baltimore* Complaint ¶¶ 1, 2.[2] Worcester County and Baltimore claim that the defendants are required to collect and remit hotel taxes to the local taxing entities. *Worcester County* Complaint ¶ 2; *Baltimore* Complaint ¶ 2. The complaints allege similar facts, advance similar claims, and request substantially similar relief, all from overlapping defendants. *See generally Worcester County* Complaint & *Baltimore* Complaint.

II.   ARGUMENT

The *Worcester County* and *Baltimore* suits substantially overlap with respect to the defendants, the facts and the legal theories, and therefore are related. Under Local Rule 103.1(b)(i)(4), counsel for a party is to indicate that the case being filed is related to another case if separate assignment "would entail substantial duplication of labor if heard by different judges." If the *Worcester County* and *Baltimore* actions were heard by different judges, there certainly would be

---

[1] Worcester County and Baltimore have named substantially similar defendants in their actions to recover hotel taxes. Both cases name Priceline.com, Lowestfare.com, Travelocity.com (LP and Inc.), Site59.com, Travel Web, Expedia, Hotels.com, Hotwire, Travelnow.com, Trip Network (Cheaptickets.com), and Orbitz LLC. Baltimore City, alone, has named Does 1 through 1000, Exclusive. Other differences in the naming of defendants arise from the Plaintiffs bringing suit against different subsidiaries or parent companies of the defendants.

[2] The complaint in *Mayor & City council of Baltimore v. Priceline.com* is attached as Exhibit A.

substantial, although not complete, duplication of labor, because there are many overlapping legal issues and facts. The fundamental question – whether the defendants improperly failed to pay hotel occupancy taxes to the particular local taxing authority under that taxing authority's tax law – is the same, even though the tax law for Worcester County and Baltimore is different in certain material respects. It is likely that, in answering this fundamental question, the parties will have similar discovery issues and file similar motions. Reassignment to Judge Garbis therefore would eliminate the possibility of a "substantial duplication of labor" and conserve judicial resources.

## III. CONCLUSION

For the above reasons, Plaintiff requests that its motion to reassign this action to Judge Garbis be granted.

**DATED**: January 27, 2009.

Respectfully submitted,

  /s/ David B. Killalea
David B. Killalea (D. Md. Bar Number 10129)
Tara M. Kelly
GILBERT OSHINSKY LLP
1100 New York Avenue, NW
Suite 700
Washington, D.C. 20005
killalead@gotofirm.com
kellyt@gotofirm.com
Telephone:     (202) 772-2280
Facsimile:     (202) 772-2282

Karl P. Barth
Keri L. Greenheck
**LOVELL MITCHELL & BARTH, LLP**
11542 NE 21st Street
Bellevue, WA  98004
Telephone:   (425) 452-9800
Facsimile:   (425) 452-9801

Christopher Lovell
Jody Krisiloff
**LOVELL STEWART HALEBIAN LLP**
500 Fifth Ave.
58th Floor
New York, NY 10110
Telephone: (212) 608-1900
Facsimile: (212) 719-4775

Paul M. Weiss
Michael J. Lotus
**FREED & WEISS LLC**
111 West Washington Street; Suite 1331
Illinois 60602
Telephone: (312) 220-0000
Facsimile: (312) 220-7777

*Counsel for Plaintiff County Commissioners of Worcester County, Maryland*

# CERTIFICATE OF SERVICE

I hereby certify that on this 27 day of January, 2009, I served, by email, a copy of the foregoing Motion to Reassign Due to Relatedness on:

J. Stephen Simms
Simms Showers LLP
jssimms@simmsshowers.com

By agreement, this qualifies as service to all defendants.

By: /s/ David B. Killalea
David B. Killalea (D. Md. Bar Number 10129)
GILBERT OSHINSKY LLP
1100 New York Avenue, NW
Suite 700
Washington, D.C. 20005
killalead@gotofirm.com
Telephone: (202) 772-2280
Facsimile: (202) 772-2282