IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

COUNTY COMMISSIONERS OF          *
WORCESTER COUNTY, MARYLAND
                                 *
          Plaintiff
                                 *
          vs.                              CIVIL ACTION NO. MJG-09-13
                                 *
PRICELINE.COM INCORPORATED,
et al.                           *

          Defendants             *

*        *        *        *        *        *        *        *        *

MEMORANDUM AND ORDER RE: DISMISSAL

     The Court has before it Defendants' Motion to Dismiss for

Failure to State a Claim Upon Which Relief May Be Granted [Document

36] and the materials submitted relating thereto.  The Court finds

that a hearing is unnecessary.

     The instant case, like the Baltimore City case,[1] presents the

question of whether a county (or city) hotel room occupancy tax

applies to amounts paid to the Defendants by persons wishing to rent

hotel rooms in the jurisdiction.  Inasmuch as there are many

defendants who may not operate in the same manner, it is not

appropriate at the present stage to definitively describe their

mode(s) of operation.  It suffices for the present to illustrate the

operation, albeit in general, and not necessarily precisely

accurate, terms using purely hypothetical amounts.

---

[1] **Mayor & City Council Of Baltimore v. Priceline.com, Inc.**, MJG-08-3319.

In at least some instances, a defendant pays a local hotel, let us say, $107.50, consisting of $100 for a night's stay and 7.5% occupancy tax.[2] A customer will pay the defendant a total of, let us say, $220. The statement to the customer may indicate that the total consists of $200 for the room plus a "bundle" of items described in general terms including a reference to something like a "tax recovery fee." The customer is not told the amount of tax that was paid to the hotel and cannot, therefore, determine the amount that the defendant paid the hotel for the room.

The essential question is whether the local occupancy tax statute reaches the amount the customer paid the defendant ($200[3]) or just the $100 the defendant paid the hotel. The Defendants assert that the local occupancy tax applies only to the amount paid by them to the hotel. Also, they contend that if the local occupancy tax did apply to the payment made to them, it would be unconstitutional on various theories.

The tax enactment in the instant case and the two (old and new) in the Baltimore City case are different. Thus, in broad and oversimplified terms, the tax in issue is imposed as follows:

- Worcester County: on an amount paid by or for a guest for the use of a hotel room.

_____

[2] The sum of $7.50 that the hotel will pay to the locality.
[3] Or, perhaps, an amount that might include some part of the $20.

- City (Old): on an amount paid by a guest to a "hotel owner or operator."

- City (New) an amount paid for use of a hotel room to, among others, "any broker, service provider or other intermediary."

To avoid dismissal pursuant to Rule 12(b)(6), a Plaintiff's "[f]actual allegations [need only] be enough to raise a right to relief above the speculative level," thereby nudging the claim "across the line from conceivable to plausible." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 570 (2007).

It is readily apparent that Worcester County's claim against the Defendants is, like the City's claim under the new[4] enactment, plausible in view of the ordinary meaning of the terms of the legislation and what appears to be a likely version of the facts. The Defendants, of course, have plausible defenses, including those based upon Constitutional principles. However, such matters should be addressed after there has been a reasonable opportunity for discovery.

For the foregoing reasons:

1. Defendants' Motion to Dismiss for Failure to State a Claim Upon Which Relief May Be Granted [Document 36] is DENIED.

2. By June 30, 2009, the parties shall provide their agreement, or separate positions, regarding the

---

[4] The City's claim under the old enactment seems dependent upon, among other things, a holding that the defendants' mode of operation made them "owners" of the hotel rooms at issue.

scheduling of proceedings herein through the date for
filing summary judgment motions.

3.    The parties shall coordinate all proceedings herein,
      including discovery, with counsel in MJG-08-3319 so as to
      minimize duplicative efforts.

4.    The parties shall seek to reach agreement regarding the
      use of materials subject to protective orders in other
      cases so as to minimize duplicative efforts.


SO ORDERED, on <u>Monday, June 1, 2009</u>.


                              _____/s/_____
                                    Marvin J. Garbis
                              United States District Judge