UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

COUNTY COMMISSIONERS OF WORCESTER COUNTY, MARYLAND,

          Plaintiff,

v.

PRICELINE.COM INCORPORATED, et al.,

          Defendants.

**Case No. 09-CV-00013-MJG**

## PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR RECONSIDERATION

Plaintiff, the County Commissioners of Worcester County, Maryland, submits this memorandum of law in opposition to Defendants' Memorandum in Support of Their Motion for Reconsideration ("Def's Mem.").

The Defendants in this action filed a lengthy motion to dismiss Plaintiff's claims on March 24, 2009 (Docket No. 36) (originally filed March 16, 2009, Docket No. 35). Plaintiff filed its Opposition to this motion on April 16, 2009 (Docket No. 39). The Defendants filed a reply to Plaintiff's Opposition on May 15, 2009 (Docket No. 42). After careful consideration of these memoranda, this Court entered an Order denying Defendants' motion on June 2, 2009 (the "Order") (Docket No. 43). Defendants appear to believe that the Court ignored their original arguments, because their motion for reconsideration does nothing more than rehash their original, properly-rejected arguments. For that reason, the motion for reconsideration should be rejected.

### ARGUMENT

A motion for reconsideration should only be granted in "the relatively rare instances where there has been an intervening change in the controlling law, or the court has made a clear

1

error in its initial ruling, or new facts have surfaced." *Potter v. Potter*, 199 F.R.D. 550, 552 n.1, 553 (D. Md. 2001); *see also Anderson v. United States*, No. CCB-08-3, 2009 WL 890094, at *2 (D. Md. Mar. 26, 2009); *Zurich Am. Ins. Co. v. Fieldstone Mortgage Co.*, No. CCB-06-2055, 2008 WL 941627, at *1 (D. Md. Mar. 24, 2008); *Hawker v. Barnhart*, 235 F. Supp. 2d 445, 453 n.13 (D. Md. 2002). Indeed, "were it otherwise, then there would be no conclusion to motions practice." *Pinney v. Nokia, Inc.*, 402 F.3d 430 (4th Cir. 2005) (citing *Potter*, 199 F.R.D. at 553). Thus, "[o]nce a court has issued its ruling, unless one of the specific grounds noted above can he shown, that should end the matter, at least until appeal." *Potter*, 199 F.R.D. at 553. The Defendants point to no intervening change in controlling law, no "clear error" and no new facts. Instead, they have merely repackaged their same arguments that the Court soundly rejected in the Order. The Defendants obviously disagree with this Court's decision, but such disagreement alone – and they offer nothing more – cannot justify a motion for reconsideration.

Specifically, Defendants cite no new evidence or any changes in the controlling law since their same arguments were rejected by the Court the first time. Thus, Defendants are left to convince the Court that, the full prior briefing notwithstanding, the Order was based on a manifest error of law or fact. Yet, Defendants' arguments in support of reconsideration are precisely the arguments it made initially, sometimes word-for-word, as shown in the following chart:

| Motion to Reconsider | | Motion to Dismiss |
|---|---|---|
| "Worcester County May Impose A Tax Only On Amounts Paid To A Hotel, And Defendants Are Not Hotels." pp. 7-8. | | "Worcester County May Impose A Tax Only On Amounts Paid to A Hotel, And Not On Any Other Amounts." pp. 14-19. |
| "Worcester County's Hotel Rental Tax Ordinance Imposes Tax Collection And Remittance Obligations Only On Hotels, Not On Defendants." pp. 9-10. | | "Worcester County's Hotel Rental Tax Ordinance Imposes Tax Collection And Remittance Obligations Only On Hotels, Not On Defendants." pp. 21-24. |

| | |
|---|---|
| "The Construction In the Order Could Not Have Been Intended Because It Results In Double Taxation." pp. 13-14. | "Worcester County's Construction Of The Ordinance Would Result In Impermissible Double Taxation." pp. 24-25. |
| "Any Ambiguities In The Worcester County Code Must Be Construed In Defendants' Favor." p. 12. | "Any Ambiguity In The Enabling Act or Ordinance Must Be Resolved In Favor of Defendants And Against Worcester County." p. 7. |

This Court has held that "it [i]s improper to use such a motion [to reconsider] to ask the Court to rethink what the Court ha[s] already thought through – rightly or wrongly." *Potter*, 199 F.R.D. at 552 (internal citations omitted); *Anderson*, 2009 WL 890094, at *2; *Zurich*, 2008 WL 941627, at *1. Plaintiff already has fully responded to each of these rehashed arguments in its Memorandum in Opposition to Defendants' Motion to Dismiss (Docket No. 39), which Plaintiff incorporates herein by reference. The Court in *Potter* fully explained why such motions for reconsideration must be rejected:

> The logic of these cases is apparent. When parties file a motion with the court, they are obligated to insure that it is complete with respect to facts, law and advocacy. Once a court has issued its ruling, unless one of the specific grounds noted above can be shown, that should end the matter, at least until appeal. Were it otherwise, then there would be no conclusion to motions practice, each motion becoming nothing more than the latest installment in a potentially endless serial that would exhaust the resources of the parties and the court – not to mention its patience. Hindsight being perfect, any lawyer can construct a new argument to support a position previously rejected by the court, especially once the court has spelled out its reasoning in an order. *It is hard to imagine a less efficient means to expedite the resolution of cases than to allow the parties unlimited opportunities to seek the same relief simply by conjuring up a new reason to ask for it*.

199 F.R.D. at 553 (emphasis added). Although Defendants offer no new material, they do offer two new twists on their rejected arguments. As an initial matter, we note that, as stated above, new arguments based on the same facts and controlling law should not be considered for the purposes of a motion for reconsideration. *Id.*

First, Defendants wrongly assert that the Order mistakenly equates the Worcester

Ordinance with the "new" Baltimore ordinance. Def's Mem. at 1, 10-12. To the contrary, the Court's Order sets forth, in no uncertain terms, the differences between the Worcester ordinance and the taxing statutes (old and new) in the Baltimore case:

> *The tax enactment in the instant case and the two (old and new) in the Baltimore City case are different*. Thus, in broad and oversimplified terms, the tax in issue is imposed as follows:
>
> - Worcester County: on an amount paid by or for a guest for the use of a hotel room.
>
> - City (Old): on an amount paid by a guest to a "hotel owner or operator."
>
> - City (New) an amount paid for use of a hotel room to, among others, "any broker, service provider or other intermediary."

Order at 2-3 (emphasis added).

The plain language of the Order demonstrates that the Court did not confuse the statutory provisions, but merely stated that the Worcester ordinance was like the new Baltimore Ordinance in that the claims under each were "plausible." Order at 3. The Court did not maintain that the taxes were identical in language, only that the showing by each plaintiff was sufficient under their respective statutory language to survive a motion to dismiss. In fact, it is the Defendants that are trying to confuse the taxing provisions of the two jurisdictions by numerous references to the hearing transcript concerning *Baltimore's* motion to dismiss as support for their arguments on the Worcester ordinance. *See* Def's Mem. at 10-12.[1] In reality, this Court specifically recognized that the "tax enactment in the instant case and the two (old and new) in the Baltimore City case are different." Order at 2.

---

[1] Defendants likewise continue their tired refrain that the *Pitt County* opinion holds that they are not "operators" of hotels. Def's Mem. at 11. Although Defendants like to trumpet one of their few victories, that language is simply not at issue in this case, as it was not in the Baltimore case. *See* Tr. at 44 (Ex. C. to Def's Mem.) ("The *Pitt County* decision is a decision based upon the North Carolina statute . . .. That's not our case, it's not our statute and that's life.").

Second, Defendants argue that allowing the case to continue will burden the Defendants. *See* Def's Mem. at 14-15. Of course, this is true for every defendant in every lawsuit ever filed, and is hardly a reason to dismiss a meritorious case. Plaintiff will attempt to lessen the burden by coordinating discovery with the Baltimore case whenever possible (as in fact this Court required in the Order). Given Defendants' focus on the burdens of discovery, Plaintiff assumes that Defendants will allow it access to discovery and deposition transcripts from the numerous other cases around the country so that neither party is forced to "reinvent the wheel."

The Defendants have not demonstrated any "manifest error of law or fact" in the Order. At most, they have a disagreement with the careful and well-reasoned analysis of this Court in its Order. Such disagreement is insufficient to justify reconsideration of the Order.

## CONCLUSION

For the reasons stated above, this Court should DENY Defendants' Motion for Reconsideration in its entirety.

Respectfully submitted, this 29th day of June, 2009.

     /s/__Karl P. Barth_____
Karl P. Barth, *Pro Hac Vice*
**LOVELL MITCHELL & BARTH, LLP**
911 Western AVE, Suite 308
Seattle, WA 98104
Telephone: 206/432-8330
Email: kbarth@lmbllp.com

David B. Killalea, *D of MD 10129*
Andrea K. Hopkins
**GILBERT OSHINSKY LLP**
1100 New York Ave NW Ste 700
Washington, DC 20005
Telephone: (202)772-2280
Email: killalead@gotofirm.com

Christopher Lovell
**LOVELL STEWART HALEBIAN LLP**
500 Fifth Ave., 58th Floor
New York, NY 10110
Telephone: (212) 608-1900
Email: clovell@lshllp.com

Paul M. Weiss
Michael J. Lotus
**FREED & WEISS LLC**
111 West Washington Street; Suite 1331
Illinois 60602
Telephone: (312) 220-0000
Email: paul@freedweiss.com

*Counsel for Plaintiff County Commissioners of Worcester County, Maryland*

# CERTIFICATE OF SERVICE

I hereby certify that on June 29th, 2009, I caused the foregoing to be filed with this Court's CM/ECF System for service on all record counsel.

/s/ Karl P. Barth
Karl P. Barth, *Pro Hac Vice*
**LOVELL MITCHELL & BARTH, LLP**
911 Western AVE, Suite 308
Seattle, WA 98104
Telephone: 206/432-8330
Email: kbarth@lmbllp.com
