## IN THE UNITED STATES DISTRICT COURT FOR THE
## DISTRICT OF MARYLAND

COUNTY COMMISSIONERS OF WORCESTER   *
COUNTY, MARYLAND
                                                                         *
    Plaintiff,                                          Civil Action No. MJG-09-0013
                                                                         *
v.
                                                                         *
PRICELINE.COM INCORPORATED, *ET AL.*,
                                                                         *
    Defendants.
                                                                         *

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## DEFENDANTS' REPLY MEMORANDUM IN SUPPORT
## OF THEIR MOTION FOR RECONSIDERATION

Defendants submit this reply to Plaintiff's Opposition to Defendants' Motion for Reconsideration.

Plaintiff recognizes that the Court has the ultimate responsibility to reconsider its decision when a clear error has been made. In addition, there can be no dispute that "[m]otions for reconsideration of interlocutory orders are not subject to the strict standards applicable to motions for reconsideration of a final judgment." *Am. Canoe Assoc., Inc. v. Murphy Farms, Inc.*, 326 F.3d 505, 514 (4th Cir. 2003). Rather, the "district court retains the power to reconsider and modify its interlocutory judgments . . . at any time prior to final judgment when such is warranted," which "power is committed to the discretion of the district court." *Id.* at 514-15 (citations omitted).

As set forth below, Defendants respectfully contend that the Court made two clear errors in denying Defendants' motion to dismiss Plaintiff's claims.

First, the Court erred by interpreting the Worcester Ordinance as only including operative language imposing a tax on amounts "paid by" a hotel guest, rather than also limiting the tax to amounts "paid to" hotels. Second, the Court erred by analogizing the Worcester Ordinance to the post-Amendment Baltimore Ordinance. Because "[t]he ultimate responsibility of the federal courts, at all levels, is to reach the correct judgment under law[,]" Defendants respectfully ask this Court to reconsider its Order denying Defendants' motion to dismiss. *Am. Canoe Assoc., Inc.*, 326 F.3d at 515.

### A. The Order Is Inconsistent With The Statutory Scheme, Because It Fails To Consider To Whom The Amount Is Paid.

The Order summarizes the Worcester County tax as being imposed "on an amount *paid by* or for a guest for the use of a hotel room." (Order Den. Mot. To Dismiss, Jun. 1, 2009, at 2) (emphasis added). However, as Defendants explained in their opening reconsideration brief, the Court's construction of the Worcester Ordinance is inconsistent with the statutory scheme which plainly indicates that the tax can be imposed only on amounts *paid to* a hotel.

The Maryland General Assembly authorized Worcester County to impose a hotel rental tax on "a transient charge **paid to a hotel** located in [Worcester] [C]ounty." Md. Ann. Code art. 24 § 9-303(a) (emphasis added) (Md. Ann. Code art. 24 §§ 9-301 *et seq.* is hereinafter referred to as the "Enabling Act."). A "hotel" is expressly defined in the Enabling Act as "an establishment that offers sleeping accommodations for compensation," including an apartment, cottage, hostelry, inn, motel, rooming house or tourist home. Enabling Act § 9-301(d). The term "transient charge" is defined as "a hotel charge for sleeping accommodations . . . ." Enabling Act § 9-301(f)(1). A "transient charge" does not include "hotel charge[s] for services or accommodations other than sleeping accommodations." Enabling Act § 9-301(f)(4). Thus, the

Enabling Act authorizes Worcester County to impose a tax only on amount *paid to* Worcester County hotels for sleeping accommodations.

Consistent with the Enabling Act, the Worcester Ordinance itself states that "Worcester County may impose a tax within every resort area within the County on the amount paid for room or building rental by or for any transient at any hotel, motel, apartment, cottage or other similar place providing sleeping accommodations." Ord. § TR 1-601(a). The Ordinance expressly defines the term "room or building rental" as "[t]he total charge *made by any hotel*, motel, apartment, cottage or other similar place. . . ." Ord. § TR 1-601(b) (emphasis added).

Thus, the plain language of both the Enabling Act and the Worcester Ordinance is unambiguous: only amounts *paid to* hotels for sleeping accommodations may be subject to the hotel rental tax. Tellingly, Plaintiff did not (because it could not) address this clear and unambiguous statutory language in its response brief.

Respectfully, the Court's interpretation of the Worcester Ordinance as imposing a tax on any "amount *paid by* or for a guest for the use of a hotel room" (Order at 2 (emphasis added)) -- not just amounts *paid to* a hotel -- would render the Ordinance's phrase "for room or building rental" and its accompanying definition meaningless. Further, the Court's interpretation would cause the Ordinance to exceed the authority granted by the Enabling Act and would contravene the plain intent of the General Assembly. For these reasons, Defendants respectfully submit that the Court's June 1, 2009 Order contained a clear error.

Interpreting the Ordinance consistent with the full statutory scheme, Plaintiff's claims must all fail as a matter of law unless Plaintiff has alleged that Defendants are hotels. Plaintiff did not (and cannot in good faith) do so. Because the Order fails to recognize and give

controlling effect to the "paid to a hotel" language, and instead focused on who the tax is *paid by*, Defendants' respectfully submit that the Court clearly erred.

**B.  The Order Mistakenly Suggests That The Worcester Ordinance Is Like The New Baltimore Ordinance.**

Plaintiff wants this Court to uphold the Order because the Order mistakenly suggests that the Worcester Ordinance is, like "[Baltimore] City's claim under the *new* enactment" (Order at 3 (emphasis added)), which contains a new definition of "owners or operators of hotels" that includes "any broker, service provider or other intermediary."

However, the Worcester Ordinance and the new Baltimore Ordinance are different.  The Worcester Ordinance clearly defines the term hotel much more narrowly as "any public or private hotel, inn, hostelry, tourist home or house, motel, rooming house, apartment house, cottage or other similar lodging place offering sleeping accommodations . . . ."  Ord. § TR 1-601(b).  The ordinary meaning of these terms does not include Defendants.

Consequently, the Worcester Ordinance cannot be compared to Baltimore's "new enactment" because the Worcester Ordinance imposes a hotel rental tax only on amounts "*paid to a hotel* in [Worcester] county."  Enabling Act § 9-303(a) (emphasis added).  Thus, Worcester County's tax claim is dependent on a holding that the Defendants' are actual <u>hotels in Worcester County</u>.  Plaintiff alleges no facts, nor could it, to transform the Defendants into physical lodging establishments located in Worcester County as defined in the Worcester Ordinance.  Such an assertion is simply not plausible.

Furthermore, even if this Court believes that Baltimore's claim under its pre-Amendment ordinance is plausible and should proceed because "there is no extra discovery involved by allowing the pre-August of 2007 statute to stay in effect, and to test whatever this theory is about

4

block purchases and whether that can be spun into making these people hotel operators under the hotel" (Tr. at 56, lines 20-24), the same conclusion cannot be reached with respect to the Worcester Ordinance. The Worcester Ordinance is even narrower than the pre-Amendment Baltimore ordinance because it is specifically limited to amounts ***paid to hotels***. Because it is in no way plausible for online travel companies to be considered hotels, Defendants' Motion for Reconsideration should be granted and Plaintiff's claims should be dismissed.

## **CONCLUSION**

For the foregoing reasons, Defendants respectfully request that the Court grant Defendants' motion for reconsideration, and dismiss the Plaintiff's complaint.

Respectfully submitted, this 13th day of July, 2009.

/s/ J. Stephen Simms
J. Stephen Simms (#4269)
John T. Ward (#1507)
M. Scotland Morris (#25167)
SIMMS SHOWERS LLP
20 S. Charles Street, Suite 702
Baltimore, Maryland 21201
Telephone: 410-783-5795
Facsimile: 410-510-1789
    Counsel for all Defendants

OF COUNSEL:

Darrel J. Hieber
  (admitted *pro hac vice*)
**SKADDEN, ARPS, SLATE, MEAGHER**
  **& FLOM LLP**
300 South Grand Avenue, Suite 3400
Los Angeles, California 90071
Telephone: (213) 687-5000
Facsimile: (213) 687-5600
E-mail: dhieber@skadden.com

Karen L. Valihura
  (admitted *pro hac vice*)
Randolph K. Herndon
  (admitted *pro hac vice*)
**SKADDEN, ARPS, SLATE, MEAGHER**
  **& FLOM LLP**
One Rodney Square, P.O. Box 636
Wilmington, Delaware 19899
Telephone: (302) 651-3000
Facsimile: (302) 651-3001
E-mails: kvalihur@skadden.com
            rherndon@skadden.com
***Counsel for Defendants priceline.com Incorporated; Lowestfare.com Incorporated; and Travelweb LLC***

James P. Karen
  (*pro hac vice* application to be submitted)
Deborah S. Sloan
  (*pro hac vice* application to be submitted)
**JONES DAY**
2727 North Harwood Street
Dallas, Texas 75201
Telephone: (214) 220-3939
Facsimile: (214) 969-5100
E-mails: jkaren@jonesday.com
            dsloan@jonesday.com
***Counsel for Defendants Hotels.com, L.P.; Hotwire, Inc.; and Expedia, Inc.***

Brian S. Stagner
  (*pro hac vice* application to be submitted)
Stacey S. Russell
  (admitted *pro hac vice*)
**KELLY HART & HALLMAN LLP**
201 Main Street, Suite 2500
Fort Worth, Texas 76102
Telephone: (817) 332-2500
Facsimile: (817) 878-9280
E-mail: brian.stagner@khh.com
 stacy.russell@khh.com
***Counsel for Travelocity.com LP;
and Site59.com, LLC***

Elizabeth B. Herrington
  (*pro hac vice* application to be submitted)
**MCDERMOTT WILL & EMERY LLP**
227 West Monroe Street
Chicago, Illinois 60606
Telephone: (312) 372-2000
Facsimile: (312) 984-7700
E-mail: eherrington@mwe.com
***Counsel for Defendants Orbitz, LLC;
Internetwork Publishing Corp. (d/b/a Lodging.com);
and Trip Network, Inc. (d/b/a CheapTickets)***

**CERTIFICATE OF SERVICE**

I certify that on July 13, 2009, I caused the foregoing to be filed with this Court's CM/ECF system for service on all record counsel.

/s/ J. Stephen Simms