IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MARYLAND

| | | |
|---|---|---|
| MAYOR & CITY COUNCIL OF BALTIMORE, | * | |
| Plaintiff, | * | Civil Action No. MJG-08-3319 |
| v. | * | |
| PRICELINE.COM INCORPORATED, *ET AL.*, | * | |
| Defendants. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

| | | |
|---|---|---|
| COUNTY COMMISSIONERS OF WORCESTER COUNTY, MARYLAND | * | |
| | * | |
| Plaintiff, | * | Civil Action No. MJG-09-0013 |
| v. | * | |
| PRICELINE.COM INCORPORATED, *ET AL.*, | * | |
| Defendants. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## SCHEDULING AND DISCOVERY SHARING PROTOCOL ORDER

### I. SCHEDULING ORDER

This Scheduling Order is being entered pursuant to Local Rule 103.9 in both of the above-captioned actions. Any inquiries concerning the schedule should be directed to my chambers, not to the Clerk's Office. Any party who believes that any deadline set forth in this Scheduling Order is unreasonable may request in writing a modification of the Order or that a conference be held for the purpose of seeking a modification of the Order, and any such request must be made on or before the first date set forth in Paragraph I below. Thereafter, **the schedule will not be changed except for good cause**.

These cases are subject to electronic filing. Please familiarize yourself with the procedures for electronic filing available at: www.mdd.uscourts.gov. You must use the electronic filing system for filing documents with the Clerk and sending case related

1

correspondence to chambers. **When you electronically file a document that, including attachments, is 15 pages or longer, you must also provide me a paper copy of the document and a paper copy of the notice of electronic filing.** The paper copy should be sent to the Clerk's Office, not directly to my chambers.

## Deadlines

| | |
|---|---|
| Deadline for request for modification of initial Scheduling Order | July 17, 2009 |
| Defendants produce pursuant to the Discovery Sharing Protocol, detailed *infra* | August 14, 2009 |
| Plaintiffs produce documents, not subject to any objections, in response to Defendants' First Requests for Production to be served no later than July 14, 2009 | September 1, 2009 |
| Joint request for early settlement/ADR conference (This request will not postpone discovery unless otherwise ordered.) | August 21, 2009 |
| Moving for joinder of additional parties and amendment of pleadings | August 21, 2009 |
| **Discovery deadline** | December 18, 2009 |
| Plaintiff's Rule 26(a)(2) disclosure re experts | January 13, 2010 |
| Defendant's Rule 26(a)(2) disclosure re experts | February 12, 2010 |
| Plaintiff's rebuttal Rule 26(a)(2) disclosures re experts | March 12, 2010 |
| **Dispositive pretrial motions deadline** | March 15, 2010 |

## II.   DISCOVERY

### A.   Initial Disclosures

Initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) shall be made by July 31, 2009.

### B.   Discovery Conference

These actions are exempted from the requirements of the first sentence of Fed. R. Civ. P. 26(d) and from Fed. R. Civ. P. 26(f). However, you are encouraged to confer with one another immediately in order to: (a) identify the issue(s), (b) set a discovery plan, (c) determine if the case can be resolved before your clients incur further litigation expense, and (d) establish a cordial professional relationship among yourselves.

### C.   Procedure

All the provisions of Local Rule 104 apply, including the following:

(a)   All discovery requests must be served in time to assure that they are answered before the discovery deadline. An extension of the deadline will not be granted because of unanswered discovery requests.

(b)   The existence of a discovery dispute as to one matter does not justify delay in taking any other discovery. The filing of a motion to compel or a motion for a protective order will not result in a general extension of the discovery deadline.

(c)   No discovery materials, including Rule 26(a)(1) and Rule 26(a)(2) disclosures, should be filed with the court.

(d)   Motions to compel shall be filed in accordance with Local Rule 104.8 and the applicable CM/ECF procedures.

(e)   Please be familiar with the Discovery Guidelines of this Court which are Appendix A to the Local Rules. Appendix D contains guidelines for form discovery requests and confidentiality orders that may be helpful to you.

### D.   Discovery Sharing Protocol

On or about June 1, 2009, this Court ordered the parties in these actions to coordinate discovery and to "reach an agreement regarding the use of materials subject to protective orders in other cases so as to minimize duplicative efforts." This Order reflects the parties' agreement in compliance with the Court's orders.

A substantial amount of discovery has been provided by the defendants in other hotel occupancy tax cases, including *City of Atlanta, Georgia v. Hotels.com, L.P., et al.*, Case No. S08G0568, *City of San Antonio, Texas v. Hotels.com, L.P., et al.*, Case No. SA06CA0381

3

OG, *Columbus, Georgia v. Orbitz, LLC*, Case No. SU-06-CV-1895-05, *Columbus, Georgia v. Expedia, Inc.*, Case No. SU-06-CV-1794-7 and *Columbus, Georgia v. Hotels.com, Inc.*, Case No. SU-06-CV-1893-8 (the "Other Actions"). The parties desire to reduce the costs of discovery proceedings in these actions by using certain materials produced in the Other Actions, as set forth in paragraph 1 below.

These actions and the Other Actions involve many of the same factual allegations and many of the same parties. The plaintiffs agree that if defendants voluntarily produce here discovery materials they have produced in the Other Actions, the parties will benefit from reduced costs and, in return, plaintiffs agree to certain measures as a *quid pro quo* for such benefit.

Furthermore, the parties agree that coordination of pretrial proceedings in these actions will likely prevent duplication of discovery and undue burden on the parties in responding to discovery requests, save substantial expense by the parties and produce substantial savings in judicial resources.

I find that coordination of discovery in these actions will further the just and efficient disposition of each proceeding and therefore have concluded that the circumstances presented by these proceedings warrant the adoption of joint procedures to manage these actions.

Therefore, the parties are to work together to coordinate discovery to the maximum extent feasible in order to prevent duplication of effort and to promote the efficient and speedy resolution of these actions and, to that end, the following procedures for discovery and pretrial proceedings shall be, and hereby are, adopted:

1. *Sharing Certain Discovery Material from the Other Cases*

    (a) Plaintiffs shall be entitled to receive discovery that has been taken from each defendant in the Other Actions as of July 10, 2009 ("Previous Discovery"). The Previous Discovery shall consist of only the defendants' own fact and expert deposition and trial testimony (and related exhibits), written discovery responses (namely, responses to interrogatories, requests for admissions and requests for production of documents) and electronic and hard-copy document productions made in connection with such written discovery responses, as well as the corresponding privilege logs. Previous Discovery shall also include deposition transcripts from other municipal hotel occupancy tax cases taken pursuant to Rule 30(b)(6), or a state law equivalent, and hearing testimony from the Transient Occupancy Tax Appeal of Audit Nos. 2008160-2008167 in the City of Anaheim, California. Furthermore, the Previous Discovery shall exclude hotel contracts, data, damages discovery and other documents that solely concern the jurisdictions of the Other Actions. In addition, Previous Discovery shall not include

materials (including but not limited to documents and any testimony concerning such documents) that have been produced pursuant to a court order over a privilege objection; as of July 7, 2009, the defendants represent that there are no such materials in the San Antonio, Atlanta or Anaheim matters. The parties agree to meet and confer regarding hearing transcripts not otherwise provided for in this paragraph.

(b) Discovery in these actions will be conducted in accordance with the Federal Rules of Civil Procedure and the Local Rules, Discovery Guidelines and Orders of this Court. The parties agree to meet and confer regarding electronic discovery.

(c) The parties agree to the terms of the Stipulated Protective Order entered in these actions, a copy of which is attached hereto as Exhibit A (the "Protective Order").

(d) The Previous Discovery produced with confidentiality designations pursuant to each action's respective protective order shall remain as so designated under the Protective Order, and shall be treated as confidential in these actions. Accordingly, the Previous Discovery designated as "Confidential" in the Other Actions shall be designated or deemed to be "Confidential Information" in these actions. The Previous Discovery designated as "Attorneys' Eyes Only," "For Counsel Only" or "Restricted" in the Other Actions shall be designated or deemed to be "Restricted Information" in these actions.

2. *Requests for Additional Discovery*

(a) The plaintiffs at any time may seek additional discovery consisting of hotel contracts and transactional data unique to their respective jurisdictions, but may not propound any other discovery from defendants until plaintiffs first have reviewed the Previous Discovery. Plaintiffs agree to provide a list of zip codes in their respective jurisdictions to facilitate the production of hotel contracts and transactional data.

(b) The parties in these actions may take discovery of defendants, additional to discovery identified in paragraph 1(a) and 2(a), only if such discovery is not redundant or cumulative of the Previous Discovery, except as further limited by paragraph 3(a) relating to depositions.

(c) If there is a dispute concerning additional discovery, the party seeking discovery may by motion seek appropriate relief from the Court, but only after conferring in good faith with the other party and such

        motion must so certify. Such additional discovery shall be permitted only if counsel for the plaintiffs certifies that counsel has reviewed the Previous Discovery and establishes to the Court's satisfaction that the information sought is not redundant or cumulative of the Previous Discovery.

    (d)    Nothing in this Order shall preclude the defendants from seeking discovery as plaintiffs have not previously provided any discovery to defendants.

3.    *Depositions*

    (a)    If, after reviewing the Previous Discovery, any party seeks deposition discovery from any defendant or other witness, the party seeking such discovery will identify the topics for testimony in the notice of deposition. Any defendant receiving notice of a deposition which it contends is not permitted by the terms of this Order because it is duplicative of Previous Discovery shall have five (5) business days from receipt of the notice within which to serve the noticing party with a written objection to the deposition. The parties then shall meet and confer concerning the noticed deposition. Absent agreement concerning such proposed deposition, the party seeking the deposition may move the Court for relief with respect to such deposition. Such deposition shall be permitted only if counsel for the plaintiffs certifies that counsel has reviewed the Previous Discovery and establishes to the Court's satisfaction that the information sought is not redundant or cumulative of the Previous Discovery.

    (b)    Each deposition taken in these actions: (i) will be conducted on reasonable written notice; (ii) shall be subject to the time limit in accordance with the provisions of <u>Rule 30(d)(1) of the Federal Rules of Civil Procedure</u>, unless otherwise ordered by the Court (although for purposes of time limits, the two actions are deemed separate; however, the plaintiffs must coordinate their respective depositions in an effort to limit the burden on the deponents); and (iii) will be conducted pursuant to the Federal Rules of Civil Procedure and under the terms of the Protective Order, all as interpreted by this Court.

    (c)    Nothing in this Order shall preclude the defendants from taking depositions of the plaintiffs as plaintiffs have not previously provided any discovery to defendants.

4. *Discovery Sharing between the Baltimore Action and the Worcester Action*

   (a) All discovery and pretrial scheduling in the Baltimore Action and the Worcester Action will be coordinated to the fullest extent possible. Discovery taken in each action shall be deemed to have been taken in the other, subject to the Protective Order.

5. *Discovery Dispute Resolution*

   (a) In the event that the parties are not able to resolve disputes that may arise in the coordinated pretrial discovery conducted in these actions, such disputes will be presented to this Court. Resolution of such disputes shall be pursuant to the applicable federal or state law, as required, and such resolution may be sought by any party permitted by this Order to participate in the discovery in question.

   (b) Nothing contained herein shall constitute or be deemed to constitute a waiver of any objection of any defendant or plaintiff to the admissibility at trial, of any documents, deposition testimony or exhibits, or written discovery responses provided or obtained in accordance with this Order, whether on grounds of relevance, materiality or any other basis, and all such objections are specifically preserved.

   (c) Nothing contained herein shall constitute or be deemed to constitute consent by the defendants to the sharing of written or oral discovery in any other lawsuit or jurisdiction.

   (d) Any production made pursuant to this Order does not waive any privilege, protection or confidentiality designation, pursuant to Fed. R. Evid. 502(d).

   (e) Should any party challenge another party's privilege designations, such challenge shall be determined by this Court. Nothing herein precludes a party from challenging privilege claims made in the Other Actions. The parties will meet and confer with respect to any challenges to any claims of privilege.

### III.   STATUS REPORT

The parties shall file within five (5) days after the discovery deadline a status report covering the following matters:

(a) Whether discovery has been completed;

(b) Whether any motions are pending;

(c)  Whether any party intends to file a dispositive pretrial motion:

(d)  Whether the case is to be tried jury or non-jury and the anticipated length of trial;

(e)  A certification that the parties have met to conduct serious settlement negotiations; and the date, time and place of the meeting and the names of all persons participating therein;

(f)  Whether each party believes it would be helpful to refer this case to another judge of this Court for a settlement or other ADR conference, either before or after the resolution of any dispositive pretrial motion;

(g)  Whether all parties consent, pursuant to 28 U.S.C. § 636(c), to have a U.S. Magistrate Judge conduct any further proceedings in this case, either before or after the resolution of any dispositive pretrial motion, including trial (jury or non-jury) and entry of final judgment.

(h)  Any other matter which you believe should be brought to the Court's attention.

## IV. DISPOSITIVE PRETRIAL MOTIONS

If more than one party intends to file a summary judgment motion, the provisions of Local Rule 105.2c apply.

After motions and responses thereto have been filed, I will advise you if a hearing is to be scheduled.

## V. STATUS AND PRETRIAL CONFERENCES

I will set a scheduling conference after the status report has been filed, unless that report indicates that one or more of you intends to file a dispositive pretrial motion. In the latter event I will not set a scheduling conference until after I have ruled upon the motion (or the dispositive pretrial motion deadline passes without the anticipated motion being filed).

At the scheduling conference:

(a)  I will set a deadline for submitting the pretrial order, motions in limine, proposed voir dire questions and proposed jury instructions;

(b)  I will set a pretrial conference date and a trial date; and

(c)  I will ask you whether a settlement conference or other ADR conference with a judicial officer would be useful, and whether all parties would consent to

8

trial (jury or non-jury) before a U.S. Magistrate Judge. **Please confer with your client about these matters before the conference so that you are in a position to respond.**

## VI. ATTORNEYS' FEES

In any case where attorneys' fee may be sought by the prevailing party, counsel must be familiar with the provisions of Local Rule 109.2 and the Rules and Guidelines for Determining Lodestar Attorneys' Fees in Civil Rights and Discrimination Cases which are Appendix B to the Local Rules.

## VII. COMPLIANCE WITH LOCAL RULES AND CM/ECF PROCEDURES

The court will demand compliance with the Local Rules and CM/ECF procedures. If you need to obtain a copy of the Local Rules or the CM/ECF procedures, they are available on our website at www.mdd.uscourts.gov.

## VIII. COMPLIANCE WITH PRIVACY PROTECTION RULE

Counsel are reminded that the Federal Rules of Civil Procedure were amended, effective December 1, 2007, with the addition of a new Rule 5.2 which has detailed requirements requiring the redaction of filings with this Court that contain an individual's social security number, tax payer identification number, or birth date, the name of the individual known to be a minor, or a financial account number. It is essential that counsel comply with this rule and with the revised version of the Judicial Conference Privacy Policy adopted in March 2008. For further information on the Judicial Conference Privacy Policy see: http://www.mdd.uscourts.gov/news/news/privacy_memo.pdf.

SO ORDERED, on July __13__, 2009.

_____/s/_____
Marvin J. Garbis
United States District Judge

9