IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MARYLAND

| | | |
|---|---|---|
| MAYOR & CITY COUNCIL OF BALTIMORE, | * | |
| Plaintiff, | * | Civil Action No. MJG-08-3319 |
| v. | * | |
| PRICELINE.COM INCORPORATED, *ET AL.*, | * | |
| Defendants. | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

| | | |
|---|---|---|
| COUNTY COMMISSIONERS OF WORCESTER COUNTY, MARYLAND | * | |
| | * | |
| Plaintiff, | * | Civil Action No. MJG-09-0013 |
| v. | * | |
| PRICELINE.COM INCORPORATED, *ET AL.*, | * | |
| Defendants. | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

**PROTECTIVE ORDER**

Whereas, the parties to this action have stipulated that certain discovery material is and should be treated as confidential, and have requested that the Court enter a protective order; and whereas the Court has determined that the terms set forth herein are appropriate to protect the respective interests of the parties, the public, and the Court; accordingly, it is HEREBY ORDERED:

    1.    **Definitions of Plaintiffs and Defendants.**

        A.    "Plaintiffs" are the City of Baltimore, Maryland; the County of Worcester; and any other entity named subsequently as a plaintiff in this action.

B.  "Baltimore Defendants" includes priceline.com Incorporated (named as Priceline.com, Inc.); Lowestfare.com LLC (f/k/a Lowestfare.com Incorporated) (named as Lowestfare.com, Inc.); Travelweb LLC (named as Travelweb, LLC); Travelport, Inc. (f/k/a Cendant Travel Distribution Services Group, Inc.); Cheap Tickets, Inc. (named as Cheaptickets, Inc.); Trip Network, Inc. (d/b/a CheapTickets) (named as Trip Network, Inc.); Orbitz, Inc.; Orbitz, LLC; Expedia, Inc. (Delaware); Expedia, Inc. (Washington); Hotels.com; Hotels.com, L.P.; Hotels.com GP, LLC; Hotwire, Inc.; TravelNow.com, Inc.; Sabre Holdings Corporation; Travelocity.com Inc. (named as Travelocity.com, Inc.); Travelocity.com LP (named as Travelocity.com, LP); Site59.com, LLC; and any other entity subsequently named as a defendant in this action; and "Worcester Defendants" includes priceline.com Incorporated; Lowestfare.com LLC; Travelweb LLC; Travelocity.com Inc.; Travelocity.com LP; Site59.com, LLC; Expedia, Inc.; Hotels.com, L.P.; Hotwire, Inc.; TravelNow.com, Inc.; Orbitz, Inc. (named "Orbitz Worldwide, Inc."); Travelport, Inc. (f/k/a Cendant Travel Distribution Services Group, Inc.) (named (Travelport Americas, Inc.); Trip Network, Inc. (d/b/a CheapTickets); Orbitz, LLC; and any other entity subsequently named as a defendant in this action (collectively "Defendants").

2.  **Confidential or Restricted Information**. During the course of this action, any party may produce documents or other information that is subject to a proprietary right or a right of confidentiality, or that constitutes trade secrets or other confidential research, development or commercial information, as contemplated in Fed. R. Civ. P. 26(c)(1)(G), and that the party in good faith believes needs to be protected from disclosure. Such documents or other information may be designated as either "Confidential Information" or "Restricted Information" by the processes set forth in Paragraph 6 of this Order, but only after review by an attorney for the producing party as provided in Paragraph 6 of this Order ("Confidential Information" or "Restricted Information"). In addition, the protections conferred by this Order shall also extend

2

to any information copied or extracted from information protected herein, as well as all copies, excerpts, summaries, or compilations of this protected information, plus testimony, conversations or presentations by parties or counsel to or in court or in other settings that might reveal this protected information. Confidential or Restricted Information shall be limited to information and documents that have not been disclosed outside of the designating party or others with whom the designating party has a relationship that requires maintaining the confidentiality of the information in question. All Confidential and Restricted Information produced or exchanged in the course of this litigation shall be used solely for the purpose of preparation and trial of this litigation and for no other purpose whatsoever, and shall not be disclosed to any person except in accordance with the terms of this Order.

3. **Duty of Good Faith**. A designating party shall use good faith in designating information as "Confidential Information" or "Restricted Information," making such designation only when there is a legitimate reason for the restrictions on disclosure called for by the designation. A party challenging the designation of information as "Confidential Information" or "Restricted Information" shall do so only when it has a good faith basis to believe the designated information is not Confidential or Restricted Information (as that term is defined in this Order).

4. **Limitations on Disclosure**. Information designated as "Confidential Information" or "Restricted Information" shall not be disclosed, copied or disseminated to anyone, by any person or entity, except as herein provided.

    A.    Disclosure of information designated "Confidential Information" shall be restricted to the following:

        (1)    members and employees of the law firms appearing in this action as counsel of record;

3

(2)  up to four (4) designated representatives of each of the named Plaintiffs who have agreed to be bound by and to comply with this Order;

(3)  officers, directors and employees, including in-house counsel, of the parties to this action who have agreed to be bound by and to comply with this Order;

(4)  the Court and its personnel, court reporters or videographers involved in depositions in this case and their employees;

(5)  consultants or experts retained by counsel of record for this litigation who have agreed to be bound by and to comply with this Order. These persons shall not use such information for any purpose other than this litigation and shall not disclose such information to any person not specifically authorized by this Order; and

(6)  litigation consultants, copy services, and other third parties who have been retained to assist the attorneys of record in translating, copying or computer coding of documents, transcribing or videotaping depositions, or assisting with trial preparation who have agreed to be bound by and to comply with this Order.

B.  Disclosure of information designated "Restricted Information" shall be limited to the following:

(1)  members and employees of the law firms appearing in this action as counsel of record;

(2)  the Court and its personnel, court reporters or videographers involved in depositions in this case and their employees;

(3)  consultants or experts retained by counsel of record for this litigation who have agreed to be bound by and to comply with this Order. These persons shall not use such information for any purpose other than this litigation and shall not disclose such information to any person not specifically authorized by this Order; and

(4) litigation consultants, copy services, and other third parties who have been retained to assist the attorneys of record in translating, copying or computer coding of documents, transcribing or videotaping depositions, or assisting with trial preparation who have agreed to be bound by and to comply with this Order.

C. Despite the foregoing, neither Confidential Information nor Restricted Information may, without leave of court, be shown to any person, including any actual or proposed witness, who is employed by any party, hotel or hotel chain, persons, companies or ventures in the business of making hotel rooms available online using the same or a substantially similar type of approach or business model as employed by any of the Defendants; provided, however, that this paragraph does not prohibit showing Confidential or Restricted Information to any actual or proposed witness proffered by any Plaintiff or Defendant whose only relationship to one of the foregoing entities is that of a consultant in pending or contemplated litigation which is unrelated to the business of making hotel rooms available online using the same or substantially similar type of approach or business model as employed by any of the Defendants.

5. **Agreement to Abide by Protective Order**. The members and employees of the counsel for Plaintiffs and Defendants listed as counsel on this Order, together with any outside copying or document production service used by them (collectively, the "Lawyers"), need not be identified or provide a written acknowledgment of this Order, it being understood and acknowledged by the Lawyers that they are bound by the terms of this Order. Moreover, no court reporters, videographers or court personnel will be required to provide a written acknowledgment of this Order. However, counsel will work in good faith to provide notice of this Order to any court reporters, videographers or court personnel who may receive Confidential or Restricted Information.

Prior to disclosing information designated as Confidential or Restricted Information to any other persons specified in Paragraph 4 of this Order, the party receiving the information shall first give a copy of this Order to such persons who shall read and be fully familiar with their obligations to comply with this Order. Before such persons may review any Confidential or Restricted Information, they must sign a copy of the Confidentiality Agreement attached hereto as Exhibit A. The original executed Confidentiality Agreement(s) shall be kept by the receiving party's attorneys of record.

6. **Methods of Designation**. Any document produced in this litigation containing Confidential or Restricted Information or any written discovery response containing Confidential or Restricted Information shall be marked by the designating party with the legend: "Confidential Information" or "Restricted Information." Deposition testimony may be designated as Confidential or Restricted Information during the course of the deposition by counsel for the party whose information is disclosed in the testimony or in writing served upon all parties by specifically noting the page and line numbers designated within thirty (30) days after the designating party received a copy of the final deposition transcript. If testimony is designated as Confidential or Restricted Information, the court reporter shall insert a page break in the written record of the deposition, and make the appropriate legend on each page of the deposition transcript where such designated testimony appears. The cover page of a deposition transcript containing any designated portions shall indicate that it contains portions of testimony subject to a protective order. During the time period between the deposition testimony and the deadline to designate such testimony, the deposition testimony in its entirety shall be designated and treated as Restricted Information.

7. **Depositions Involving Confidential or Restricted Information**. Unless otherwise agreed by the parties, no one (including the parties) may attend the portions of any

depositions at which Confidential or Restricted Information is shown or discussed other than this Court and its personnel, the court reporter and such other individuals duly qualified under Paragraph 4 of this Order. Counsel of record for Plaintiffs' law departments may attend such depositions.

8. **Filing Confidential or Restricted Information with the Court**. Any pleading filed or lodged with the Court containing Confidential or Restricted Information shall be placed in a sealed envelope or other appropriately sealed container with the cover page of the pleading on the outside of the envelope on which shall be a typed statement in the following form:

> **SUBJECT TO PROTECTIVE ORDER – CONFIDENTIAL INFORMATION**
> The contents of this envelope are confidential, filed under seal, and are subject to a Protective Order of this Court. The contents are not to be made public except upon order of the Court.
>
> **SUBJECT TO PROTECTIVE ORDER – RESTRICTED INFORMATION**
> The contents of this envelope are confidential, filed under seal, and are subject to a Protective Order of this Court. The contents are not to be made public except upon order of the Court.

9. **Presentation of Confidential or Restricted Information to the Court**. With respect to testimony elicited during hearings and other proceedings before the Court, whenever counsel for any party deems that any question or line of questioning calls for the disclosure of Confidential or Restricted Information, counsel shall alert the Court to this concern and the Court shall take such actions as it deems necessary, pursuant to this Order, to protect the interests of the party. Any presentation of Confidential or Restricted Information to this Court prior to trial shall be made in the presence of only the presiding officer and other court personnel, an authorized court reporter, and such individuals duly qualified under Paragraph 4. The parties contemplate a similar procedure for the dissemination of Confidential or Restricted Information at trial.

10. **Public Knowledge or Independent Acquisition**. Notwithstanding any other provision of this Order, no person shall be precluded from using or disclosing, in any lawful manner, any Confidential or Restricted Information that, prior to disclosure, (a) is public knowledge; (b) was independently known by that person; (c) after disclosure, either is independently and lawfully developed or is acquired by the receiving party from any source, other than the designating source, lawfully possessing such Confidential or Restricted Information; or (d) becomes public knowledge other than by an act or omission of the receiving party. The burden of proving prior possession, prior knowledge or prior public knowledge of such Confidential or Restricted Information shall be on the receiving party.

11. **Disputes Over Designation**. This Order shall not preclude any party from bringing before this Court, at any time, the question of whether any particular information is or is not properly designated as Confidential or Restricted Information. If a party disputes the designation of particular information as Confidential or Restricted Information, that party has the burden to seek relief from the Court, and the party asserting the propriety of any designation has the burden to defend the designation. In its request for relief from the Court, the party disputing the designation of any information shall provide specific citations to the particular information that it believes in good faith is not Confidential or Restricted Information. Prior to bringing any motion, the parties shall meet and confer in good faith to attempt to resolve the dispute. If the dispute cannot be resolved, there shall be no disclosure inconsistent with the limitations on disclosure provided for under this Order for the designation in dispute absent an express ruling by the Court granting permission for the disclosure. The Court may, in its discretion, award costs and/or attorneys' fees to the prevailing party in any controversy relating to designations on which the Court must rule.

12.  **Inadvertent Failure to Designate**. Inadvertent failure to designate qualified information as Confidential or Restricted Information does not, standing alone, waive the designating party's right to secure protection under this Order for such material. Parties shall use reasonable care in designating qualified information as either Confidential Information or Restricted Information. If material is appropriately designated as Confidential or Restricted Information after the material was initially produced, the party receiving the information, on timely notification of the designation, must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order. Where a party or third-party (pursuant to Paragraph 13 of this Order) to this action changes the designation of confidentiality under this Order, that party or third-party shall promptly furnish the information re-designated in accordance with Paragraph 6 above.

Similarly, an inadvertent disclosure of information protected by the attorney-client privilege, work product doctrine or other applicable law, privilege, doctrine or immunity, shall not constitute or be deemed a waiver or forfeiture of the law, privilege, doctrine, or immunity protecting that information. If allegedly protected material is produced, then the receiving party, upon request from the producing party, shall promptly (within five (5) business days) return to the producing party the protected material and all copies in the receiving party's possession. The receiving party shall use its best efforts to obtain all copies of the protected material that it may have disseminated to others and return the copies to the producing party. Any motion for an Order compelling the production of the protected material shall be filed under seal and shall not assert as a ground for entering such an Order the fact or circumstances of the inadvertent production. Nothing in this paragraph shall limit the right of any party to petition the Court for an *in camera* review of the protected material.

13. **Third-Parties**. A third-party subject to a discovery or trial subpoena issued by a party in this case shall have the right to make the designations provided by this Order. If such third-party elects to make such designations, and places the appropriate legends as provided by this Order, and signs the Confidentiality Agreement, any information so designated shall be subject to the same restrictions as information designated by a party to this action. Further, if a party's information is disclosed by a third-party, then the party shall have fifteen (15) days after disclosure by the third-party to designate such information as Confidential Information or Restricted Information in accordance with this Order.

14. **No Waiver**. Nothing in this Order shall be deemed a waiver of the right of any party to oppose production of any information or material on any available grounds or to object to the authenticity or admissibility of any document, testimony or other evidence.

15. **Advance Notification of Potential Third-Party Disclosures**. If any person receiving documents covered by this Order (the "Receiver") (a) is subpoenaed in another action or proceeding; (b) is served with a demand in another action or proceeding to which he or it is a party or is otherwise involved; (c) receives an open records or public information request; or (d) is served with any other process by one not a party to this litigation, seeking material designated as Confidential or Restricted Information by someone other than the Receiver, the Receiver shall give actual written notice, by hand delivery or facsimile transmission within five (5) business days of receipt of such subpoena, demand or process, to those who designated the material as Confidential or Restricted Information. The Receiver shall also serve and/or file an appropriate objection to the demand or request. The Receiver shall not produce any such Information for a period of at least fifteen (15) business days, or within such lesser time period as ordered by a court (the "Response Period"), after providing the required notice to the designating party. If, within the Response Period, the designating party gives notice to the Receiver that the

designating party opposes production, then the Receiver shall not thereafter produce such information except pursuant to a court order requiring compliance with the subpoena, demand or other process. The designating party shall be solely responsible for asserting any objection to the requested production. Nothing herein shall be construed as requiring the Receiver or anyone else covered by this Order to appeal any order requiring production of Confidential or Restricted Information covered by this Order, or to subject himself, herself, or itself to any penalties for non-compliance with any legal process or order or to seek any relief from the Court.

16. **Unauthorized Disclosure of Confidential or Restricted Material**. If a party receiving protected material learns that, by inadvertence or otherwise, it has disclosed Confidential or Restricted Information to any person or in any circumstance not authorized under this Order, the receiving party must immediately (a) notify in writing the designating party of the unauthorized disclosures; (b) use its best efforts to retrieve all copies of the protected material; and (c) inform the person or persons to whom unauthorized disclosure was made of all the terms of this Order.

17. **Return of Confidential or Restricted Information**. Materials containing Confidential or Restricted Information shall be returned to the party producing them or destroyed within thirty (30) days after the termination of this action, except that the attorneys for each party can keep a copy of transcripts, pleadings and exhibits and maintain them in confidence. In the event of a destruction of materials, counsel shall certify in writing that destruction has occurred.

18. **Duration**. Even after the termination of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until the designating party agrees otherwise in writing or a court order otherwise directs.

19. **Amendments by Stipulation**. This Order may be amended by the Court or, subject to the Court's approval, by written consent of counsel for the parties in the form of a stipulation that shall be filed with this Court.

20. **Sanctions**. Each party and each person bound by this Order or to be bound by this Order understands that it may be subject to sanctions or other appropriate relief by the Court for violations of this Order, including costs and attorneys' fees and any other relief authorized by applicable law.

21. **No Contract**. This Order is not a contract or agreement between the parties, and creates no private rights of any sort or character in any person. It is an Order of the Court that can be amended or altered at any time by the Court. Nothing in this Order shall limit the right of a party to seek additional or other limitations on information disclosed during the course of this litigation which the Court could otherwise order for good cause shown. Nothing in this Order shall limit the right of any party to seek modification of this Order at a future date.

SO ORDERED, on July __13__, 2009.

/s/
_____
Marvin J. Garbis
United States District Judge

**IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| MAYOR & CITY COUNCIL OF BALTIMORE, | * | |
| Plaintiff, | * | Civil Action No. MJG-08-3319 |
| v. | * | |
| PRICELINE.COM INCORPORATED, *ET AL.*, | * | |
| Defendants. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

| | | |
|---|---|---|
| COUNTY COMMISSIONERS OF WORCESTER COUNTY, MARYLAND | * | |
| | * | |
| Plaintiff, | | Civil Action No. MJG-09-0013 |
| v. | * | |
| PRICELINE.COM INCORPORATED, *ET AL.*, | * | |
| Defendants. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

EXHIBIT A

CONFIDENTIALITY AGREEMENT

I, _____, hereby state the following:

1. I have read and understand the attached Protective Order and I attest to my understanding that access to information designated as Confidential or Restricted Information may be provided to me pursuant to the terms and restrictions of the Protective Order entered in this litigation. I hereby agree to be bound by the terms of the Protective Order, and that

confidential information provided to me shall be used in connection with this litigation only and for no other purpose.

2. I shall neither use nor disclose any Confidential or Restricted Information to others, except in accordance with the Protective Order. I also understand that, in the event that I fail to abide by the terms of this Confidentiality Agreement or the Protective Order, I may be subject to sanctions or other appropriate relief by the Court for violations of this Order, including costs and attorneys' fees and any other relief authorized by applicable law.

_____        _____
Printed Name                                                    Signature

_____
Employer/Business Affiliation

_____
Address

_____
Party Affiliated With

_____
Date