IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| COUNTY COMMISSIONERS OF WORCESTER COUNTY, MARYLAND | * |
| Plaintiff | * |
| vs. | CIVIL ACTION NO. MJG-09-13 |
| PRICELINE.COM INCORPORATED, et al. | * |
| Defendants | * |

\* \* \* \* \* \* \* \* \*

## MEMORANDUM AND ORDER RE: MOTION FOR RECONSIDERATION

The Court has before it Defendants' Motion for Reconsideration [Document 44] and the materials submitted relating thereto. The Court finds that a hearing is unnecessary.

A motion for reconsideration should only be granted in "the relatively rare instances where there has been an intervening change in the controlling law, or the court has made a clear error in its initial ruling, or new facts have surfaced." Potter v. Potter, 199 F.R.D. 550, 552 n.1, 553 (D. Md. 2001).

Defendants again seek dismissal on various grounds considered and resolved in the Memorandum and Order Re: Dismissal [Document 43]. Little additional discussion is necessary in view of the low threshold for survival of Plaintiff's claim. To avoid dismissal pursuant to Rule

12(b)(6), a Plaintiff's "[f]actual allegations [need only] be enough to raise a right to relief above the speculative level," thereby nudging the claim "across the line from conceivable to plausible." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 570 (2007).

The Court did not, and does not, find that the ultimate result under the Worcester County enactment at issue necessarily will be the same as under the new Baltimore City enactment. However, Worcester County's claim is, like Baltimore City's claim, on the plausible side of the line between conceivable and plausible. Whether Worcester County's claim against any Defendant will survive a Motion for Summary Judgment remains to be seen.

Worcester County seeks to collect a tax "on the amount paid for room or building rental by or for any transient at any hotel . . . providing sleeping accommodations." The State enabling statute, applicable to Worcester County, authorizes the County to impose "a tax on a transient charge paid to a hotel located in [the] county."

Of course, there is an issue whether the reach of the Worcester County tax must be limited to an amount "paid to a hotel." However, even if so narrowed, there would be a plausible claim against any Defendant whose method of operation could be found to bring it within the definition of a "hotel."

Worcester County alleges that the Defendants are "hotels," as they are "establishment[s] that offer[] sleeping accommodations for compensation." They have further alleged that Defendants buy and resell hotel rooms to the public for compensation, which brings Defendants within the Worcester County Ordinance, as they are allegedly "the owner and operator" of a "lodging place . . . which for compensation holds out to furnish or furnishes sleeping accommodations or space to any transient." The Worcester County claim is plausible enough to survive the motion to dismiss.

For the foregoing reasons:

1. Defendants' Motion for Reconsideration [Document 44] is DENIED.

2. The Memorandum and Order Re: Dismissal [Document 43] remains in full force and effect.

SO ORDERED, on <u>Tuesday, July 21, 2009</u>.

/s/
Marvin J. Garbis
United States District Judge
