IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MARYLAND

| | |
|---|---|
| COUNTY COMMISSIONERS OF WORCESTER COUNTY, MARYLAND<br><br>Plaintiff,<br><br>v.<br><br>PRICELINE.COM INCORPORATED, *ET AL.*,<br><br>Defendants. | *<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*     Civil Action No. MJG-09-0013 |

\*     \*     \*     \*     \*     \*     \*     \*

**THE TRAVELOCITY DEFENDANTS' ANSWER
AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT**

Defendants Travelocity.com Inc., Travelocity.com, LP, and Site59.com LLC (collectively, the "Travelocity Defendants") hereby submit their Answer and Affirmative Defenses to Plaintiff's Complaint ("Complaint"). For the purposes of their Answer and Affirmative Defenses, the Travelocity Defendants will respond to all averments in the Complaint directed to "Defendants" as referring only to the Travelocity Defendants. Unless otherwise indicated, the Travelocity Defendants lack sufficient information to form a belief as to the truth of the averments directed to other Defendants, and on that basis deny each and every such averment.

**ANSWER**

1.     The Travelocity Defendants admit that Worcester County purports to bring this action against Defendants. Except as expressly admitted, the Travelocity Defendants deny the averments in Paragraph 1 of the Complaint.

2.     The Travelocity Defendants deny the averments in Paragraph 2 of the Complaint.

3. The Travelocity Defendants admit they do not remit any taxes directly to Plaintiff because the Travelocity Defendants are not required to do so. Except as expressly admitted, the Travelocity Defendants deny the averments in Paragraph 3 of the Complaint.

4. The Travelocity Defendants deny the averments in Paragraph 4 of the Complaint.

5. Paragraph 5 of the Complaint states legal conclusions that require no response. To the extent Paragraph 5 purports to assert allegations of fact, however, the Travelocity Defendants deny the allegations.

6. Paragraph 6 of the Complaint states legal conclusions that require no response. To the extent Paragraph 6 purports to assert allegations of fact, however, the Travelocity Defendants deny the allegations.

7. Paragraph 7 of the Complaint states legal conclusions that require no response. To the extent Paragraph 7 purports to assert allegations of fact, however, the Travelocity Defendants deny the allegations.

8. The Travelocity Defendants admit that Plaintiff purports to be Worcester County. Except as expressly admitted, the Travelocity Defendants lack knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 8 and on that basis deny each and every averment contained therein.

9. The Travelocity Defendants lack knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 9 and on that basis deny each and every averment contained therein.

10. The Travelocity Defendants lack knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 10 and on that basis deny each and every averment contained therein.

11. The Travelocity Defendants lack knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 11 and on that basis deny each and every averment contained therein.

12. The Travelocity Defendants lack knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 12 and on that basis deny each and every averment contained therein.

13. Paragraph 13 contains no factual allegations, thus no response is required and is denied on that basis.

14. The Travelocity Defendants admit that Travelocity.com Inc. is a Delaware corporation with its principal place of business in Texas and that Travelocity.com Inc. is a non-operating, indirect subsidiary of Sabre Holdings Corporation.

15. The Travelocity Defendants admit that Travelocity.com LP is a Delaware limited partnership with its principal place of business in Texas and that Travelocity.com LP is an indirect subsidiary of Sabre Holdings Corporation.

16. The Travelocity Defendants admit that Site59.com LLC is a Delaware limited liability company with its principal place of business in New York, New York and is an indirect subsidiary of Sabre Holdings Corporation. Except as expressly admitted, Travelocity denies the allegations contained in Paragraph 16 of the Complaint.

17. Paragraph 17 contains no factual allegations, thus no response is required.

18. The Travelocity Defendants lack knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 18 and on that basis deny each and every averment contained therein.

19. The Travelocity Defendants lack knowledge or information sufficient to form a

belief as to the truth of the averments in Paragraph 19 and on that basis deny each and every averment contained therein.

20. The Travelocity Defendants lack knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 20 and on that basis deny each and every averment contained therein.

21. The Travelocity Defendants lack knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 21 and on that basis deny each and every averment contained therein.

22. Paragraph 22 contains no factual allegations, thus no response is required.

23. The Travelocity Defendants lack knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 23 and on that basis deny each and every averment contained therein.

24. The Travelocity Defendants lack knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 24 and on that basis deny each and every averment contained therein.

25. The Travelocity Defendants lack knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 25 and on that basis deny each and every averment contained therein.

26. The Travelocity Defendants lack knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 26 and on that basis deny each and every averment contained therein.

27. Paragraph 27 contains no factual allegations, thus no response is required.

28. The Travelocity Defendants lack knowledge or information sufficient to form a

belief as to the truth of the averments in Paragraph 28 except that hotel reservation facilitation services has experienced growth since 1997. On this basis, the Travelocity Defendants deny the remaining averments contained therein.

29. The Travelocity Defendants admit that it has offered its hotel reservation facilitation services as merchants of record to customers through services on Travelocity's website. Travelocity further admits that it offers customers on its website the ability to make hotel reservations with a third-party hotel for which Travelocity is not the merchant of records through its "agency model" services. To the extent other allegations are made against the Travelocity Defendants, the Travelocity Defendants deny the allegations set forth in Paragraph 29 of the Complaint. Except as expressly admitted or denied, the Travelocity Defendants lack knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 29 and on that basis deny each and every averment contained therein.

30. The Travelocity Defendants lack knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 30 and on that basis deny each and every averment contained therein.

31. The Travelocity Defendants deny the allegations set forth in Paragraph 31 of the Complaint. To the extent there are allegations made against other Defendants, the Travelocity Defendants lack knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 31 and on that basis deny each and every averment contained therein.

32. The Travelocity Defendants admit that agency revenues are generally derived from travel related transactions where they are not the merchants of record and where the prices of their services are determined by third parties. The Travelocity Defendants further admit that they offer customers on their websites the ability to make hotel reservations with a third party

hotel for which the Travelocity Defendants are not the merchants of record; for these transactions, they do not bill the customer or pay the hotel. Instead the third party hotel handles all billing of the customer, including any applicable taxes, and the Travelocity Defendants receive only a fee or commission from the hotel for these transactions. To the extent other allegations are made against the Travelocity Defendants, the Travelocity Defendants deny the allegations set forth in Paragraph 32 of the Complaint. Except as expressly admitted, the Travelocity Defendants lack knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 32 and on that basis deny each and every averment contained therein.

33. The Travelocity Defendants lack knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 33 and on that basis deny each and every averment contained therein.

34. The Travelocity Defendants admit that they do not pay occupancy taxes on any fee the Travelocity Defendants charge related to their provision of hotel reservation facilitation services and that they do not maintain an inventory of rooms. To the extent other allegations are made against the Travelocity Defendants, the Travelocity Defendants deny the allegations set forth in Paragraph 34 of the Complaint. Except as expressly admitted, the Travelocity Defendants lack knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 34 and on that basis deny each and every averment contained therein.

35. The Travelocity Defendants deny the allegations set forth in Paragraph 35 of the Complaint. With respect other Defendants, the Travelocity Defendants lack knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 35 and on that basis deny each and every averment contained therein.

36. The Travelocity Defendants deny the allegations set forth in Paragraph 36 of the Complaint. With respect other Defendants, the Travelocity Defendants lack knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 36 and on that basis deny each and every averment contained therein.

37. The Travelocity Defendants admit that merchant revenues are derived from transactions where they are the merchants of record and, among other things, select suppliers and determine the price they will accept from the customer. The Travelocity Defendants further admit that they do not calculate, charge, collect, or remit hotel/motel occupancy taxes in connection with hotel reservations that the Travelocity Defendants facilitate; rather, the Travelocity Defendants charge tax recovery charges for amounts they expect to be paid to hotels for taxes owed by the hotels. To the extent other allegations are made against the Travelocity Defendants, the Travelocity Defendants deny the allegations set forth in Paragraph 37 of the Complaint. Except as expressly admitted or denied, the Travelocity Defendants lack knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 37 and on that basis deny each and every averment contained therein.

38. The Travelocity Defendants lack knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 38 and on that basis deny each and every averment contained therein.

39. The Travelocity Defendants lack knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 39 and on that basis deny each and every averment contained therein.

40. The Travelocity Defendants lack knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 40 and on that basis deny each and every

averment contained therein.

41. The Travelocity Defendants lack knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 41 and on that basis deny each and every averment contained therein.

42. The Travelocity Defendants admit that Travelocity.com Inc. filed with the Securities Exchange Commission a Form 10-K on March 26, 2002, and respectfully refers the Court to its contents. Travelocity denies the remaining allegations in Paragraph 42.

43. The Travelocity Defendants deny the averments in Paragraph 43 of the Complaint.

44. To the extent that Paragraph 44 purports to assert allegations of fact, however, the Travelocity Defendants state that the written Ordinance is the best evidence of its content and respectfully refer the Court thereto. Further responding, the Travelocity Defendants state that they lack knowledge or information sufficient to form a belief as to the truth of the remainder of the averments in Paragraph 44 of the Complaint.

45. To the extent allegations are made against the Travelocity Defendants, the Travelocity Defendants deny the allegations set forth in Paragraph 45 of the Complaint. Except as expressly admitted or denied, the Travelocity Defendants lack knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 45 and on that basis deny each and every averment contained therein.

46. The Travelocity Defendants hereby reallege and incorporate each of their responses to Paragraphs 1 through 45 of the Complaint.

47. The Travelocity Defendants lack knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 47 and on that basis deny each and every

averment contained therein.

48. The Travelocity Defendants deny the averments in Paragraph 48 of the Complaint.

49. The Travelocity Defendants deny the averments in Paragraph 49 of the Complaint.

50. The Travelocity Defendants deny the averments in Paragraph 50 of the Complaint.

51. The Travelocity Defendants deny the averments set forth in Paragraph 51 of the Complaint.

52. The Travelocity Defendants hereby reallege and incorporate each of their responses to Paragraphs 1 through 51 of the Complaint.

53. The Travelocity Defendants deny the averments in Paragraph 53 of the Complaint.

54. The Travelocity Defendants deny the averments in Paragraph 54 of the Complaint.

55. The Travelocity Defendants deny the averments in Paragraph 55 of the Complaint.

56. The Travelocity Defendants hereby reallege and incorporate each of their responses to Paragraphs 1 through 55 of the Complaint.

57. The Travelocity Defendants deny the averments in Paragraph 57 of the Complaint.

58. The Travelocity Defendants deny the averments in Paragraph 58 of the Complaint.

59. The Travelocity Defendants hereby reallege and incorporate each of their responses to Paragraphs 1 through 58 of the Complaint.

60. The Travelocity Defendants deny the averments in Paragraph 60 of the Complaint.

61. The Travelocity Defendants deny the averments in Paragraph 61 of the Complaint.

To the extent that any response is required to the Prayer for Relief, the Travelocity Defendants deny that Plaintiff is entitled to any relief. The Travelocity Defendants deny each and every averment contained in the section of the Complaint entitled "Prayer for Relief" and containing Plaintiff's prayer for judgment and damages, including all averments made in subparts (A), (C) and (D).

## **AFFIRMATIVE DEFENSES**

Without altering the applicable burdens of proof, the Travelocity Defendants assert the following affirmative defenses:

### **First Affirmative Defense**

The Complaint fails to state a claim upon which relief may be granted.

### **Second Affirmative Defense**

Imposing liability on the Travelocity Defendants will require expanding Worcester County's Ordinance (the "Ordinance") beyond its constitutional limits, the wording and underlying intent of the Ordinance, and any reasonable reading of the Ordinance.

### **Third Affirmative Defense**

Some or all of the claims asserted by Plaintiff are barred by estoppel.

**Fourth Affirmative Defense**

Some or all of the claims asserted by Plaintiff are barred by the applicable statutes of limitation, repose, and/or the doctrine of laches.

**Fifth Affirmative Defense**

Through its own conduct and/or inaction, Plaintiff has consented to or waived any right to object to the Travelocity Defendants facilitating hotel reservations without collecting or remitting the taxes purportedly at issue in this case.

**Sixth Affirmative Defense**

Plaintiff has no legal or factual basis to assert the claims or requests for relief set forth in the Complaint.

**Seventh Affirmative Defense**

Plaintiff has already collected from the relevant local hotels all of the taxes purportedly owed under the Ordinance in this case.

**Eighth Affirmative Defense**

There is a misjoinder of the defendants, each of which has engaged in separate, unrelated business transactions and each of which has a separate and independent business and business model, although none of them owns, manages, or operates hotels or other accommodations in Worcester County.

**Ninth Affirmative Defense**

Plaintiff has failed to join all indispensable parties for adjudication of the claims or requests for relief averred in the Complaint, including the hotel operators or guests who may be obligated to pay the taxes purportedly at issue in this case.

### Tenth Affirmative Defense

The Travelocity Defendants do not have a sufficient nexus with the State of Maryland and Worcester County for Plaintiff to impose a tax or tax collection obligation on the Travelocity Defendants. The sale of the Travelocity Defendants' hotel reservation facilitation services occurs outside of Worcester County, and thus the Plaintiff does not have the power to tax the sales transaction. Furthermore, the tax Plaintiff seeks to impose is not fairly apportioned, discriminates against interstate commerce and is not fairly related to services provided. Accordingly, Plaintiff is barred by the Commerce Clause of the United States Constitution, Article I, Section 8, Clause 3, and the Due Process Clause of the United States Constitution, from seeking to impose on the Travelocity Defendants the obligation to collect and remit occupancy taxes on behalf of Plaintiff. *See, e.g., Quill Corp. v. North Dakota*, 504 U.S. 298 (1992); *Complete Auto Transit, Inc. v. Brady*, 430 U.S. 274 (1977).

### Eleventh Affirmative Defense

The Due Process Clauses of the Fifth and Fourteenth Amendments to the United States Constitution, collectively prohibit Plaintiff from seeking to subject the Travelocity Defendants to collecting and remitting obligations and potential penalties and sanctions pursuant to unconstitutionally vague ordinances.

### Twelfth Affirmative Defense

Plaintiff cannot enforce or collect the tax at issue from the Travelocity Defendants because the attempted collection of the tax violates the Internet Tax Freedom Act (a/k/a the Internet Tax Nondiscrimination Act), reproduced at 47 U.S.C. § 151 note § 1100 *et seq.*, and the Supremacy Clause of the United States Constitution.

### Thirteenth Affirmative Defense

To the extent the Complaint seeks equitable relief, such claims are barred because Plaintiff has an adequate remedy at law.

### Fourteenth Affirmative Defense

Imposition of the taxes sought by Plaintiff would result in double taxation, which is disfavored by Maryland law.

### Fifteenth Affirmative Defense

Plaintiff lacks standing to assert some or all of the claims alleged or to pursue or obtain the relief sought in the Complaint.

### Sixteenth Affirmative Defense

Plaintiff has not made a demand for the property that the Travelocity Defendants have allegedly converted, and therefore it may not pursue a conversion claim.

### Seventeenth Affirmative Defense

Any purported claim for punitive damages violates the Fifth, Sixth, Seventh, Eighth and Fourteenth Amendments to the U.S. Constitution.

### Eighteenth Affirmative Defense

Absent a showing of bad faith or malice, any purported claim for punitive damages violates the Due Process and Equal Protection Clauses in the Maryland Constitution.

### Nineteenth Affirmative Defense

Plaintiff's request for attorneys' fees is unauthorized, contrary to public policy, and/or prohibited by applicable law.

### Twentieth Affirmative Defense

The Travelocity Defendants' investigation of Plaintiff's allegations and its defenses

thereto is continuing.  The Travelocity Defendants reserve the right to supplement or amend these defenses.

WHEREFORE, the Travelocity Defendants pray for judgment as follows:

1. That Plaintiff take nothing for each and every claim for relief averred in the Complaint;

2. That judgment on the Complaint, and each and every claim for relief therein, be entered in favor of the Travelocity Defendants and against Plaintiff;

3. That the Travelocity Defendants be awarded their attorneys' fees and costs incurred herein; and

4. For such other and further relief as the Court deems just and proper.

DATED:  August 4, 2009                                         Respectfully submitted,

*/s/ J. Stephen Simms*
J. Stephen Simms (#4269)
John T. Ward (#1507)
M. Scotland Morris (#25167)
SIMMS SHOWERS LLP
20 S. Charles Street, Suite 702
Telephone: (410) 783-5795
Facsimile: (410) 510-1789
E-mail:jssimms@simmsshowers.com
         jtward@simmsshowers.com
         smorris@simmsshowers.com

***Counsel for all Defendants***

OF COUNSEL:

Brian S. Stagner
  (admitted *pro hac vice*)
Stacey S. Russell
  (admitted *pro hac vice*)
Scott R. Wiehle
  (admitted *pro hac vice*)
KELLY HART & HALLMAN LLP
201 Main Street, Suite 2500
Fort Worth, Texas 76102
Telephone:   (817) 332-2500
Facsimile:   (817) 878-9280
E-mail:   brian.stagner@khh.com
          stacy.russell@khh.com
          scott.wiehle@khh.com

*Counsel for Defendants Travelocity.com Inc.;*
*Travelocity.com, LP; and Site59.com LLC*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on August 4, 2009, I caused the foregoing to be filed with the Court's CM/ECF system for service on all record counsel.

                                    */s/ M. Scotland Morris*
                                    M. Scotland Morris