IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MARYLAND

COUNTY COMMISSIONERS OF WORCESTER COUNTY, MARYLAND

Plaintiff,

v.

PRICELINE.COM INCORPORATED, *ET AL.*,

Defendants.

Civil Action No. MJG-09-0013

\* \* \* \* \* \* \* \*

**DEFENDANTS HOTELS.COM, L.P. AND TRAVELNOW.COM, INC.'S
ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT**

Defendants Hotels.com, L.P. and TravelNow.com, Inc.[1] (collectively, "Hotels.com") hereby submits their Answer and Affirmative Defenses to Plaintiff's Complaint ("Complaint"). For the purposes of its Answer and Affirmative Defenses, Hotels.com will respond to all averments in the Complaint directed to "Defendants" as referring only to Hotels.com. Unless otherwise indicated, Hotels.com lacks sufficient information to form a belief as to the truth of the averments directed to other Defendants, and on that basis denies each and every such averment.

**ANSWER**

1. Hotels.com admits that Worcester County purports to bring this action against Defendants. Except as expressly admitted, Hotels.com denies the averments in Paragraph 1 of the Complaint.

2. Hotels.com denies the averments in Paragraph 2 of the Complaint.

---

[1] TravelNow.com, Inc. is not a company that facilitates hotel reservations. The company that facilitates the reservations booked though the Hotels.com and TravelNow.com websites is Hotels.com, L.P., which has been named as a defendant.

3. Hotels.com admits it does not remit any taxes directly to Plaintiff because it is not required to do so. Except as expressly admitted, Hotels.com denies the averments in Paragraph 3 of the Complaint.

4. Hotels.com denies the averments in Paragraph 4 of the Complaint.

5. Paragraph 5 of the Complaint states legal conclusions that require no response. To the extent Paragraph 5 purports to assert allegations of fact, however, Hotels.com denies the allegations.

6. In response to Paragraph 6 of the Complaint, Hotels.com states that 28 U.S.C. § 1332(a) is a written statute, the terms of which speak for themselves. Further responding, Hotels.com admits that it is not a citizen of the State of Maryland. Except as expressly admitted, Hotels.com lacks knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 6 and on that basis denies each and every averment therein.

7. In response to Paragraph 7 of the Complaint, Hotels.com states that 28 U.S.C. § 1391(a)(2) is a written statute, the terms of which speak for themselves. Except as expressly admitted, Hotels.com denies each and every averment in Paragraph 7 of the Complaint.

8. Hotels.com admits that Plaintiff is Worcester County. Except as expressly admitted, Hotels.com lacks knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 8 and on that basis denies each and every averment contained therein.

9. Hotels.com lacks knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 9 and on that basis denies each and every averment contained therein.

10. Hotels.com lacks knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 10 and on that basis denies each and every averment contained therein.

11. Hotels.com lacks knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 11 and on that basis denies each and every averment contained therein.

12. Hotels.com lacks knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 12 and on that basis denies each and every averment contained therein.

13. Paragraph 13 contains no factual allegations, thus no response is required and is denied on that basis.

14. Hotels.com lacks knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 14 and on that basis denies each and every averment contained therein.

15. Hotels.com lacks knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 15 and on that basis denies each and every averment contained therein.

16. Hotels.com lacks knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 16 and on that basis denies each and every averment contained therein.

17. Paragraph 17 contains no factual allegations, thus no response is required.

18. On information and belief, Hotels.com denies the averments in Paragraph 18 of the Complaint.

19. Hotels.com states that Hotels.com, L.P. is a Texas limited partnership with its principal place of business in Dallas, Texas. Hotels.com states that that Expedia, Inc., the Delaware Corporation, indirectly owns Hotels.com. Except as expressly admitted, Hotels.com denies each and every averment in Paragraph 19 of the Complaint.

20. On information and belief, Hotels.com admits Hotwire is a Delaware corporation with its principal place of business in San Francisco, California. On information and belief, Hotels.com denies the remaining averments in Paragraph 20 of the Complaint.

21. Hotels.com denies the averments in Paragraph 21 of the Complaint.

22. Paragraph 22 contains no factual allegations, thus no response is required.

23. Hotels.com lacks knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 23 and on that basis denies each and every averment contained therein.

24. Hotels.com lacks knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 24 and on that basis denies each and every averment contained therein.

25. Hotels.com lacks knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 25 and on that basis denies each and every averment contained therein.

26. Hotels.com lacks knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 26 and on that basis denies each and every averment contained therein.

27. Paragraph 27 contains no factual allegations, thus no response is required.

28. Hotels.com lacks knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 28, and on this basis denies each and every averment contained therein.

29. In response to Paragraph 29 of the Complaint, Hotels.com admits that Hotels.com, L.P. offers hotel reservation facilitation services to customers. Hotels.com denies that Hotels.com, L.P. allows customers to rent hotel rooms. On information and belief, Hotels.com states that the Securities and Exchange Commission documents referenced in Paragraph 29 are written documents, the contents of which speak for themselves. Except as expressly admitted or denied, Hotels.com lacks knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 29 and on that basis denies each and every averment contained therein.

30. Hotels.com lacks knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 30 and on that basis denies each and every averment contained therein.

31. Hotels.com admits that Hotels.com, L.P. receives a fee or commission for the hotel reservations it facilitates but denies Plaintiff's characterizations of the fee or commission. Except as expressly admitted, Hotels.com denies the averments in Paragraph 31 of the Complaint.

32. Hotels.com admits that Hotels.com, L.P.'s agency revenues are generally derived from travel related transactions. Hotels.com further admits that Hotels.com, L.P. offers customers on its website the ability to make hotel reservations with a third party hotel for which Hotels.com, L.P. is not the merchant of record. Hotels.com, L.P. receives a fee or commission

for the hotel reservations it facilitates. Except as expressly admitted, Hotels.com denies each and every averment contained in Paragraph 32 of the Complaint.

33. On information and belief, Hotels.com states that the Securities and Exchange Commission document referenced in Paragraph 33 is a written document, the contents of which speak for themselves. Except as expressly admitted, Hotels.com denies the averments in Paragraph 33 of the Complaint.

34. Hotels.com admits that it does not pay occupancy taxes on any fee Hotels.com, L.P. charges related to its provision of hotel reservation facilitation services because Hotels.com, L.P. is not required to do so. Except as expressly admitted, Hotels.com lacks knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 34 and on that basis denies each and every averment contained therein.

35. Hotels.com denies the allegations set forth in Paragraph 35 of the Complaint.

36. Hotels.com denies the allegations set forth in Paragraph 36 of the Complaint.

37. Hotels.com admits that Hotels.com, L.P. charges tax recovery charges for amounts it expects to be paid to hotels for taxes owed by the hotels. Hotels.com also admits Hotels.com, L.P. does not remit any taxes directly to Plaintiff because Hotels.com, L.P. is not required to do so. Except as expressly admitted, Hotels.com denies the remaining averment contained in Paragraph 37.

38. On information and belief, Hotels.com states that the Securities and Exchange Commission document referenced in Paragraph 38 is a written document, the contents of which speak for themselves. Except as expressly admitted, Hotels.com denies the averments contained in Paragraph 38.

39. Hotels.com lacks knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 39 and on that basis denies each and every averment contained therein.

40. Hotels.com states that the Securities and Exchange Commission document referenced in Paragraph 40 is a written document, the contents of which speak for themselves. Except as expressly admitted, Hotels.com denies the averments contained in Paragraph 40.

41. Hotels.com lacks knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 41 and on that basis denies each and every averment contained therein.

42. Hotels.com lacks knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 42 and on that basis denies each and every averment contained therein.

43. Hotels.com denies the averments in Paragraph 43 of the Complaint.

44. In response to Paragraph 44 of the Complaint, Hotels.com states that Worcester's ordinances are written documents, the contents of which speak for themselves. Further responding, Hotels.com states that it lacks knowledge or information sufficient to form a belief as to the truth of the remainder of the averments in Paragraph 44 of the Complaint and on that basis denies the remaining averments contained therein.

45. Hotels.com admits Hotels.com, L.P. does not remit any taxes directly to Plaintiff because Hotels.com, L.P. is not required to do so. Except as expressly admitted, Hotels.com denies the remaining averment contained in Paragraph 45.

46. Hotels.com hereby realleges and incorporates each of its responses to Paragraphs 1 through 45 of the Complaint.

47. Hotels.com lacks knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 47 and on that basis denies each and every averment contained therein.

48. Hotels.com denies the averments in Paragraph 48 of the Complaint.

49. Hotels.com denies the averments in Paragraph 49 of the Complaint.

50. Hotels.com denies the averments in Paragraph 50 of the Complaint.

51. Hotels.com lacks knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 51 and on that basis denies each and every averment contained therein.

52. Hotels.com hereby realleges and incorporates each of its responses to Paragraphs 1 through 51 of the Complaint.

53. Hotels.com denies the averments in Paragraph 53 of the Complaint.

54. Hotels.com denies the averments in Paragraph 54 of the Complaint.

55. Hotels.com denies the averments in Paragraph 55 of the Complaint.

56. Hotels.com hereby realleges and incorporates each of its responses to Paragraphs 1 through 55 of the Complaint.

57. Hotels.com denies the averments in Paragraph 57 of the Complaint.

58. Hotels.com denies the averments in Paragraph 58 of the Complaint.

59. Hotels.com hereby realleges and incorporates each of its responses to Paragraphs 1 through 58 of the Complaint.

60. Hotels.com denies the averments in Paragraph 60 of the Complaint.

61. Hotels.com denies the averments in Paragraph 61 of the Complaint.

To the extent that any response is required to the Prayer for Relief, Hotels.com denies that Plaintiff is entitled to any relief. Hotels.com denies each and every averment contained in the section of the Complaint entitled "Prayer for Relief" and containing Plaintiff's prayer for judgment and damages, including all averments made in subparts (A), (C) and (D).

Hotels.com denies all allegations in the Complaint not heretofore expressly admitted as being true.

## AFFIRMATIVE DEFENSES

Without altering the applicable burdens of proof, Hotels.com asserts the following affirmative defenses:

### First Affirmative Defense

The Complaint fails to state a claim upon which relief may be granted.

### Second Affirmative Defense

Imposing liability on Hotels.com will require expanding Worcester County's Ordinance (the "Ordinance") beyond its constitutional limits, the wording and underlying intent of the Ordinance, and any reasonable reading of the Ordinance.

### Third Affirmative Defense

Some or all of the claims asserted by Plaintiff are barred by estoppel.

### Fourth Affirmative Defense

Some or all of the claims asserted by Plaintiff are barred by the applicable statutes of limitation, repose, and/or the doctrine of laches.

**Fifth Affirmative Defense**

Through its own conduct and/or inaction, Plaintiff has consented to or waived any right to object to Hotels.com facilitating hotel reservations without collecting or remitting the taxes purportedly at issue in this case.

**Sixth Affirmative Defense**

Plaintiff has no legal or factual basis to assert the claims or requests for relief set forth in the Complaint including retroactive application of Plaintiff's new interpretation of the ordinances.

**Seventh Affirmative Defense**

Plaintiff has already collected from the relevant local hotels all of the taxes purportedly owed under the Ordinance in this case.

**Eighth Affirmative Defense**

There is a misjoinder of the defendants, each of which has engaged in separate, unrelated business transactions and each of which has a separate and independent business and business model, although none of them owns, manages, or operates hotels or other accommodations in Worcester County.

**Ninth Affirmative Defense**

To the extent the Complaint seeks injunctive or other equitable relief against Hotels.com, such claims are barred because Plaintiff has an adequate remedy at law.

**Tenth Affirmative Defense**

Hotels.com and the services that Hotels.com provides and that Plaintiff seeks to tax do not have a sufficient nexus with the State of Maryland and Plaintiff. Furthermore, the tax Plaintiff seeks to impose is not fairly apportioned, discriminates against interstate commerce, and is not fairly related to services provided. Accordingly, Plaintiff is barred by the Commerce

Clause of the United States Constitution, Article I, Section 8, Clause 3, and the Due Process Clause of the United States Constitution, from seeking to impose on Hotels.com the obligation to collect and remit claimed occupancy taxes on behalf of Plaintiff. *See, e.g.*, *Quill Corp. v. North Dakota*, 504 U.S. 298 (1992); *Complete Auto Transit, Inc. v. Brady*, 430 U.S. 274 (1977).

**Eleventh Affirmative Defense**

The Due Process Clauses of the Fifth and Fourteenth Amendments to the United States Constitution, collectively prohibit Plaintiff from seeking to subject Hotels.com to collecting and remitting obligations and potential penalties and sanctions pursuant to unconstitutionally vague ordinances. *See, e.g., Grayned v. City of Rockford*, 408 U.S. 104, 108-09 (1972).

**Twelfth Affirmative Defense**

Plaintiff cannot enforce or collect the tax at issue from Hotels.com because the attempted collection of the tax violates the Internet Tax Freedom Act (a/k/a the Internet Tax Nondiscrimination Act), reproduced at 47 U.S.C. § 151 note § 1100 *et seq.*, and the Supremacy Clause of the United States Constitution.

**Thirteenth Affirmative Defense**

To the extent the Complaint seeks equitable relief, such claims are barred because Plaintiff has an adequate remedy at law.

**Fourteenth Affirmative Defense**

Imposition of the taxes sought by Plaintiff would result in double taxation, which is disfavored by Maryland law.

**Fifteenth Affirmative Defense**

Plaintiff lacks standing to assert some or all of the claims alleged or to pursue or obtain the relief sought in the Complaint.

### Sixteenth Affirmative Defense

Plaintiff has not made a demand for the property that Hotels.com has allegedly converted, and therefore it may not pursue a conversion claim.

### Seventeenth Affirmative Defense

Any purported claim for punitive damages or for penalties violates the Fifth, Sixth, Seventh, Eighth and Fourteenth Amendments to the U.S. Constitution.

### Eighteenth Affirmative Defense

Absent a showing of bad faith or malice, any purported claim for punitive damages or for penalties violates the Due Process and Equal Protection Clauses in the Maryland Constitution.

### Nineteenth Affirmative Defense

Plaintiff's request for attorneys' fees is unauthorized, contrary to public policy, and/or prohibited by applicable law.

### Twentieth Affirmative Defense

Hotels.com's investigation of Plaintiff's allegations and its defenses thereto is continuing. Hotels.com reserves the right to supplement or amend these defenses.

WHEREFORE, Hotels.com prays for judgment as follows:

1. That Plaintiff take nothing for each and every claim for relief averred in the Complaint;

2. That judgment on the Complaint, and each and every claim for relief therein, be entered in favor of Hotels.com and against Plaintiff;

3. That Hotels.com be awarded its attorneys' fees and costs incurred herein; and

4. For such other and further relief as the Court deems just and proper.

DATED:  August 4, 2009                    Respectfully submitted,

*/s/ J. Stephen Simms*
J. Stephen Simms (#4269)
John T. Ward (#1507)
M. Scotland Morris (#25167)
SIMMS SHOWERS LLP
20 S. Charles Street, Suite 702
Telephone: (410) 783-5795
Facsimile: (410) 510-1789
E-mail: jssimms@simmsshowers.com
           jtward@simmsshowers.com
           smorris@simmsshowers.com

***Counsel for all Defendants***

OF COUNSEL:

James P. Karen
  (*pro hac vice* application to be submitted)
Deborah S. Sloan
  (*pro hac vice* application to be submitted)
JONES DAY
2727 North Harwood Street
Dallas, Texas  75201
Telephone:    (214) 220-3939
Facsimile:    (214) 969-5100
E-mails:      jkaren@jonesday.com
              dsloan@jonesday.com

***Counsel for Defendants Expedia, Inc. (DE); Hotels.com, L.P.; Hotwire, Inc.; and TravelNow.com, Inc.***

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on August 4, 2009, I caused the foregoing to be filed with the Court's CM/ECF system for service on all record counsel.

*/s/ M. Scotland Morris*
M. Scotland Morris
