IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MARYLAND

| | | |
|---|---|---|
| COUNTY COMMISSIONERS OF WORCESTER COUNTY, MARYLAND | * | |
| | * | |
| Plaintiff, | | Civil Action No. MJG-09-0013 |
| | * | |
| v. | | |
| | * | |
| PRICELINE.COM INCORPORATED, *ET AL.*, | | |
| | * | |
| Defendants. | | |
| | * | |

\*   \*   \*   \*   \*   \*   \*   \*

**DEFENDANT HOTWIRE, INC.'S ANSWER AND**
**<u>AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT</u>**

Defendant Hotwire, Inc. ("Hotwire") hereby submits its Answer and Affirmative Defenses to Plaintiff's Complaint ("Complaint"). For the purposes of its Answer and Affirmative Defenses, Hotwire will respond to all averments in the Complaint directed to "Defendants" as referring only to Hotwire. Unless otherwise indicated, Hotwire lacks sufficient information to form a belief as to the truth of the averments directed to other Defendants, and on that basis denies each and every such averment.

**<u>ANSWER</u>**

1. Hotwire admits that Worcester County purports to bring this action against Defendants. Except as expressly admitted, Hotwire denies the averments in Paragraph 1 of the Complaint.

2. Hotwire denies the averments in Paragraph 2 of the Complaint.

3. Hotwire admits it does not remit any taxes directly to Plaintiff because Hotwire is not required to do so. Except as expressly admitted, Hotwire denies the averments in Paragraph 3 of the Complaint.

4. Hotwire denies the averments in Paragraph 4 of the Complaint.

5. Paragraph 5 of the Complaint states legal conclusions that require no response. To the extent Paragraph 5 purports to assert allegations of fact, however, Hotwire denies the allegations.

6. In response to Paragraph 6 of the Complaint, Hotwire states that 28 U.S.C. § 1332(a) is a written statute, the terms of which speak for themselves. Further responding, Hotwire admits that it is not a citizen of the State of Maryland. Except as expressly admitted, Hotwire lacks knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 6 and on that basis denies each and every averment therein.

7. In response to Paragraph 7 of the Complaint, Hotwire states that 28 U.S.C. § 1391(a)(2) is a written statute, the terms of which speak for themselves. Except as expressly admitted, Hotwire denies each and every averment in Paragraph 7 of the Complaint.

8. Hotwire admits that Plaintiff is Worcester County. Except as expressly admitted, Hotwire lacks knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 8 and on that basis denies each and every averment contained therein.

9. Hotwire lacks knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 9 and on that basis denies each and every averment contained therein.

10. Hotwire lacks knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 10 and on that basis denies each and every averment contained therein.

11. Hotwire lacks knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 11 and on that basis denies each and every averment contained therein.

12. Hotwire lacks knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 12 and on that basis denies each and every averment contained therein.

13. Paragraph 13 contains no factual allegations, thus no response is required and is denied on that basis.

14. Hotwire lacks knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 14 and on that basis denies each and every averment contained therein.

15. Hotwire lacks knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 15 and on that basis denies each and every averment contained therein.

16. Hotwire lacks knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 16 and on that basis denies each and every averment contained therein.

17. Paragraph 17 contains no factual allegations, thus no response is required.

18. On information and belief, Hotwire denies the averments in Paragraph 18 of the Complaint.

19. On information and belief, Hotwire denies the averments in Paragraph 19 of the Complaint.

20. Hotwire admits it is a Delaware corporation with its principal place of business in San Francisco, California. Hotwire admits that Expedia, Inc., the Delaware corporation, indirectly owns Hotwire. Except as expressly admitted, Hotwire denies the averments in Paragraph 20 of the Complaint.

21. On information and belief, Hotwire denies the averments in Paragraph 21 of the Complaint.

22. Paragraph 22 contains no factual allegations, thus no response is required.

23. Hotwire lacks knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 23 and on that basis denies each and every averment contained therein.

24. Hotwire lacks knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 24 and on that basis denies each and every averment contained therein.

25. Hotwire lacks knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 25 and on that basis denies each and every averment contained therein.

26. Hotwire lacks knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 26 and on that basis denies each and every averment contained therein.

27. Paragraph 27 contains no factual allegations, thus no response is required.

28. Hotwire lacks knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 28, and on this basis denies each and every averment contained therein.

29. In response to Paragraph 29 of the Complaint, Hotwire admits that it offers hotel reservation facilitation services to customers. Hotwire denies that it allows customers to rent hotel rooms. On information and belief, Hotwire states that the Securities and Exchange Commission documents referenced in Paragraph 29 are written documents, the contents of which speak for themselves. Except as expressly admitted or denied, Hotwire lacks knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 29 and on that basis denies each and every averment contained therein.

30. Hotwire lacks knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 30 and on that basis denies each and every averment contained therein.

31. Hotwire denies the allegations set forth in Paragraph 31 of the Complaint.

32. Hotwire lacks knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 32 and on that basis denies each and every averment contained therein.

33. On information and belief, Hotwire states that the Securities and Exchange Commission document referenced in Paragraph 33 is a written document, the contents of which speak for themselves. Except as expressly admitted, Hotwire denies the averments in Paragraph 33 of the Complaint.

34. Hotwire lacks knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 34 relating to the "Agency Model" and on that basis denies each and every averment contained therein. .

35. Hotwire denies the allegations set forth in Paragraph 35 of the Complaint.

36. Hotwire denies the allegations set forth in Paragraph 36 of the Complaint.

37. Hotwire admits that Hotwire charges tax recovery charges for amounts it expects to be paid to hotels for taxes owed by the hotels. Hotwire also admits it does not remit any taxes directly to Plaintiff because Hotwire is not required to do so. Except as expressly admitted, Hotwire denies the remaining averment contained in Paragraph 37.

38. On information and belief, Hotwire states that the Securities and Exchange Commission document referenced in Paragraph 38 is a written document, the contents of which speak for themselves. Except as expressly admitted, Hotwire denies the averments contained in Paragraph 38.

39. Hotwire lacks knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 39 and on that basis denies each and every averment contained therein.

40. On information and belief, Hotwire states that the Securities and Exchange Commission document referenced in Paragraph 40 is a written document, the contents of which speak for themselves. Except as expressly admitted, Hotwire denies the averments contained in Paragraph 40.

41. Hotwire lacks knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 41 and on that basis denies each and every averment contained therein.

42. Hotwire lacks knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 42 and on that basis denies each and every averment contained therein.

43. Hotwire denies the averments in Paragraph 43 of the Complaint.

44. In response to Paragraph 44 of the Complaint, Hotwire states that Worcester's ordinances are written documents, the contents of which speak for themselves. Further responding, Hotwire states that it lacks knowledge or information sufficient to form a belief as to the truth of the remainder of the averments in Paragraph 44 of the Complaint and on that basis denies the remaining averments contained therein.

45. Hotwire admits it does not remit any taxes directly to Plaintiff because Hotwire is not required to do so. Except as expressly admitted, Hotwire denies the remaining averment contained in Paragraph 45.

46. Hotwire hereby realleges and incorporates each of its responses to Paragraphs 1 through 45 of the Complaint.

47. Hotwire lacks knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 47 and on that basis denies each and every averment contained therein.

48. Hotwire denies the averments in Paragraph 48 of the Complaint.

49. Hotwire denies the averments in Paragraph 49 of the Complaint.

50. Hotwire denies the averments in Paragraph 50 of the Complaint.

51. Hotwire lacks knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 51 and on that basis denies each and every averment contained therein.

52. Hotwire hereby realleges and incorporates each of its responses to Paragraphs 1 through 51 of the Complaint.

53. Hotwire denies the averments in Paragraph 53 of the Complaint.

54. Hotwire denies the averments in Paragraph 54 of the Complaint.

55. Hotwire denies the averments in Paragraph 55 of the Complaint.

56. Hotwire hereby realleges and incorporates each of its responses to Paragraphs 1 through 55 of the Complaint.

57. Hotwire denies the averments in Paragraph 57 of the Complaint.

58. Hotwire denies the averments in Paragraph 58 of the Complaint.

59. Hotwire hereby realleges and incorporates each of its responses to Paragraphs 1 through 58 of the Complaint.

60. Hotwire denies the averments in Paragraph 60 of the Complaint.

61. Hotwire denies the averments in Paragraph 61 of the Complaint.

To the extent that any response is required to the Prayer for Relief, Hotwire denies that Plaintiff is entitled to any relief. Hotwire denies each and every averment contained in the section of the Complaint entitled "Prayer for Relief" and containing Plaintiff's prayer for judgment and damages, including all averments made in subparts (A), (C) and (D).

Hotwire denies all allegations in the Complaint not heretofore expressly admitted as being true.

## **AFFIRMATIVE DEFENSES**

Without altering the applicable burdens of proof, Hotwire asserts the following affirmative defenses:

### First Affirmative Defense

The Complaint fails to state a claim upon which relief may be granted.

### Second Affirmative Defense

Imposing liability on Hotwire will require expanding Worcester County's Ordinance (the "Ordinance") beyond its constitutional limits, the wording and underlying intent of the Ordinance, and any reasonable reading of the Ordinance.

### Third Affirmative Defense

Some or all of the claims asserted by Plaintiff are barred by estoppel.

### Fourth Affirmative Defense

Some or all of the claims asserted by Plaintiff are barred by the applicable statutes of limitation, repose, and/or the doctrine of laches.

### Fifth Affirmative Defense

Through its own conduct and/or inaction, Plaintiff has consented to or waived any right to object to Hotwire facilitating hotel reservations without collecting or remitting the taxes purportedly at issue in this case.

### Sixth Affirmative Defense

Plaintiff has no legal or factual basis to assert the claims or requests for relief set forth in the Complaint, including retroactive application of Plaintiff's new interpretation of the ordinances.

### Seventh Affirmative Defense

Plaintiff has already collected from the relevant local hotels all of the taxes purportedly owed under the Ordinance in this case.

**Eighth Affirmative Defense**

There is a misjoinder of the defendants, each of which has engaged in separate, unrelated business transactions and each of which has a separate and independent business and business model, although none of them owns, manages, or operates hotels or other accommodations in Worcester County.

**Ninth Affirmative Defense**

To the extent the Complaint seeks injunctive or other equitable relief against Hotwire, such claims are barred because Plaintiff has an adequate remedy at law.

**Tenth Affirmative Defense**

Hotwire and the services that Hotwire provides and that Plaintiff seeks to tax do not have a sufficient nexus with the State of Maryland and Plaintiff. Furthermore, the tax Plaintiff seeks to impose is not fairly apportioned, discriminates against interstate commerce, and is not fairly related to services provided. Accordingly, Plaintiff is barred by the Commerce Clause of the United States Constitution, Article I, Section 8, Clause 3, and the Due Process Clause of the United States Constitution, from seeking to impose on Hotwire the obligation to collect and remit claimed occupancy taxes on behalf of Plaintiff. *See, e.g.*, *Quill Corp. v. North Dakota*, 504 U.S. 298 (1992); *Complete Auto Transit, Inc. v. Brady*, 430 U.S. 274 (1977).

**Eleventh Affirmative Defense**

The Due Process Clauses of the Fifth and Fourteenth Amendments to the United States Constitution, collectively prohibit Plaintiff from seeking to subject Hotwire to collecting and remitting obligations and potential penalties and sanctions pursuant to unconstitutionally vague ordinances. *See, e.g., Grayned v. City of Rockford*, 408 U.S. 104, 108-09 (1972).

**Twelfth Affirmative Defense**

Plaintiff cannot enforce or collect the tax at issue from Hotwire because the attempted collection of the tax violates the Internet Tax Freedom Act (a/k/a the Internet Tax Nondiscrimination Act), reproduced at 47 U.S.C. § 151 note § 1100 *et seq.*, and the Supremacy Clause of the United States Constitution.

**Thirteenth Affirmative Defense**

To the extent the Complaint seeks equitable relief, such claims are barred because Plaintiff has an adequate remedy at law.

**Fourteenth Affirmative Defense**

Imposition of the taxes sought by Plaintiff would result in double taxation, which is disfavored by Maryland law.

**Fifteenth Affirmative Defense**

Plaintiff lacks standing to assert some or all of the claims alleged or to pursue or obtain the relief sought in the Complaint.

**Sixteenth Affirmative Defense**

Plaintiff has not made a demand for the property that Hotwire has allegedly converted, and therefore it may not pursue a conversion claim.

**Seventeenth Affirmative Defense**

Any purported claim for punitive damages or for penalties violates the Fifth, Sixth, Seventh, Eighth and Fourteenth Amendments to the U.S. Constitution.

**Eighteenth Affirmative Defense**

Absent a showing of bad faith or malice, any purported claim for punitive damages or for penalties violates the Due Process and Equal Protection Clauses in the Maryland Constitution.

### Nineteenth Affirmative Defense

Plaintiff's request for attorneys' fees is unauthorized, contrary to public policy, and/or prohibited by applicable law.

### Twentieth Affirmative Defense

Hotwire's investigation of Plaintiff's allegations and its defenses thereto is continuing. Hotwire reserves the right to supplement or amend these defenses.

WHEREFORE, Hotwire prays for judgment as follows:

1. That Plaintiff take nothing for each and every claim for relief averred in the Complaint;

2. That judgment on the Complaint, and each and every claim for relief therein, be entered in favor of Hotwire and against Plaintiff;

3. That Hotwire be awarded its attorneys' fees and costs incurred herein; and

4. For such other and further relief as the Court deems just and proper.

DATED: August 4, 2009                    Respectfully submitted,

*/s/ J. Stephen Simms*
J. Stephen Simms (#4269)
John T. Ward (#1507)
M. Scotland Morris (#25167)
SIMMS SHOWERS LLP
20 S. Charles Street, Suite 702
Telephone: (410) 783-5795
Facsimile: (410) 510-1789
E-mail: jssimms@simmsshowers.com
       jtward@simmsshowers.com
       smorris@simmsshowers.com

***Counsel for all Defendants***

OF COUNSEL:

James P. Karen
  (*pro hac vice* application to be submitted)
Deborah S. Sloan
  (*pro hac vice* application to be submitted)
JONES DAY
2727 North Harwood Street
Dallas, Texas 75201
Telephone: (214) 220-3939
Facsimile: (214) 969-5100
E-mails: jkaren@jonesday.com
             dsloan@jonesday.com

***Counsel for Defendants Expedia, Inc. (DE); Hotels.com, L.P.; Hotwire, Inc.; and TravelNow.com, Inc.***

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on August 4, 2009, I caused the foregoing to be filed with the Court's CM/ECF system for service on all record counsel.

*/s/ M. Scotland Morris*
M. Scotland Morris
