IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MARYLAND

| | | |
|---|---|---|
| COUNTY COMMISSIONERS OF WORCESTER COUNTY, MARYLAND | * | |
| | * | |
| Plaintiff, | | Civil Action No. MJG-09-0013 |
| | * | |
| v. | | |
| | * | |
| PRICELINE.COM INCORPORATED, *ET AL.*, | | |
| | * | |
| Defendants. | | |
| | * | |

\*   \*   \*   \*   \*   \*   \*   \*

### **DEFENDANT TRIP NETWORK, INC. (d/b/a CHEAPTICKETS) ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT**

Defendant Trip Network, Inc. (d/b/a CheapTickets) ("CheapTickets") hereby submits its Answer and Affirmative Defenses to Plaintiff's Complaint ("Complaint"). For the purposes of its Answer and Affirmative Defenses, CheapTickets will respond to all averments in the Complaint directed to "Defendants" as referring only to CheapTickets. Unless otherwise indicated, CheapTickets lack sufficient information to form a belief as to the truth of the averments directed to other Defendants, and on that basis denies each and every such averment.

### **ANSWER**

1.      CheapTickets admits that Worcester County purports to bring this action against Defendants. Except as expressly admitted, CheapTickets denies the averments in Paragraph 1 of the Complaint.

2.      CheapTickets denies the averments in Paragraph 2 of the Complaint.

3.      CheapTickets admits it does not remit any taxes directly to Plaintiff because CheapTickets is not required to do so. Except as expressly admitted, CheapTickets admits the

averments in Paragraph 3 of the Complaint.

4. CheapTickets denies the averments in Paragraph 4 of the Complaint.

5. Paragraph 5 of the Complaint states legal conclusions that require no response. To the extent Paragraph 5 purports to assert allegations of fact, however, CheapTickets denies the allegations.

6. Paragraph 6 of the Complaint states legal conclusions that require no response. To the extent Paragraph 6 purports to assert allegations of fact, however, CheapTickets denies the allegations.

7. Paragraph 7 of the Complaint states legal conclusions that require no response. To the extent Paragraph 7 purports to assert allegations of fact, however, CheapTickets denies the allegations.

8. CheapTickets admits that Plaintiff purports to be Worcester County. Except as expressly admitted, CheapTickets lacks knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 8 and on that basis denies each and every averment contained therein.

9. CheapTickets lacks knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 9 and on that basis denies each and every averment contained therein.

10. CheapTickets admits the averments in Paragraph 10 of the Complaint.

11. CheapTickets lacks knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 11 and on that basis denies each and every averment contained therein.

12. CheapTickets lacks knowledge or information sufficient to form a belief as to the

truth of the averments in Paragraph 12 and on that basis denies each and every averment contained therein.

13. CheapTickets lacks knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 13 and on that basis denies each and every averment contained therein.

14. CheapTickets lacks knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 14 and on that basis denies each and every averment contained therein.

15. CheapTickets lacks knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 15 and on that basis denies each and every averment contained therein.

16. CheapTickets lacks knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 16 and on that basis denies each and every averment contained therein.

17. Paragraph 17 contains no factual allegations, thus no response is required.

18. CheapTickets lacks knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 18 and on that basis denies each and every averment contained therein.

19. CheapTickets lacks knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 19 and on that basis denies each and every averment contained therein.

20. CheapTickets lacks knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 20 and on that basis denies each and every averment

contained therein.

21. CheapTickets lacks knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 21 and on that basis denies each and every averment contained therein.

22. Paragraph 22 contains no factual allegations, thus no response is required.

23. CheapTickets lacks knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 23 and on that basis denies each and every averment contained therein.

24. CheapTickets lacks knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 24 and on that basis denies each and every averment contained therein.

25. CheapTickets admits it is an indirect subsidiary of Orbitz Worldwide, Inc. CheapTickets denies the remaining allegations in Paragraph 25. Furthering answering, CheapTickets states that it is a Delaware corporation with its principal place of business in Chicago, Illinois.

26. CheapTickets lacks knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 26 and on that basis denies each and every averment contained therein.

27. Paragraph 27 contains no factual allegations, thus no response is required.

28. CheapTickets lacks knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 28 except that hotel reservation facilitation services has experienced growth since 1997. On this basis, CheapTickets denies the remaining averments contained therein.

29. CheapTickets denies that it "rents" hotel rooms. CheapTickets admits that it offers its hotel reservation facilitation services through two different business models, and further states those business models are the "Retail Model", which is not a subject of this lawsuit, and the "Merchant Model." To the extent other allegations are made against CheapTickets, CheapTickets denies the allegations set forth in Paragraph 29 of the Complaint. Except as expressly admitted or denied, CheapTickets lacks knowledge or information sufficient to form a belief as to the truth of the remaining averments in Paragraph 29 and on that basis denies each and every remaining averment contained therein.

30. CheapTickets lacks knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 30 and on that basis denies each and every averment contained therein.

31. CheapTickets denies the allegations set forth in Paragraph 31 of the Complaint. To the extent there are allegations made against other Defendants, CheapTickets lacks knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 31 and on that basis denies each and every averment contained therein.

32. CheapTickets admits that agency revenues are generally derived from travel related transactions where it is not the merchants of record and where the prices of its services are determined by third parties. CheapTickets further admits that it offer customers on its website the ability to make hotel reservations with a third party hotel for which CheapTickets is not the merchant of record; for these transactions, it does not bill the customer or pay the hotel. Instead the third party hotel handles all billing of the customer, including any applicable taxes, and CheapTickets receives only a fee or commission from the hotel for these transactions. To the extent other allegations are made against CheapTickets, CheapTickets denies the allegations

set forth in Paragraph 32 of the Complaint. Except as expressly admitted, CheapTickets lacks knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 32 and on that basis denies each and every averment contained therein.

33. CheapTickets lacks knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 33 and on that basis denies each and every averment contained therein.

34. CheapTickets admits that it does not pay occupancy taxes on any fee CheapTickets charges related to its provision of hotel reservation facilitation services and that it does not maintain an inventory of rooms. To the extent other allegations are made against CheapTickets, CheapTickets denies the allegations set forth in Paragraph 34 of the Complaint. Except as expressly admitted, CheapTickets lacks knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 34 and on that basis denies each and every averment contained therein.

35. CheapTickets denies the allegations set forth in Paragraph 35 of the Complaint. With respect other Defendants, CheapTickets lacks knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 35 and on that basis denies each and every averment contained therein.

36. CheapTickets denies the allegations set forth in Paragraph 36 of the Complaint. With respect other Defendants, CheapTickets lacks knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 36 and on that basis denies each and every averment contained therein.

37. CheapTickets admits that merchant revenues are derived from transactions where it is the merchant of record and, among other things, selects suppliers and determines the price it

will accept from the customer.  CheapTickets further admits that it does not calculate, charge, collect, or remit hotel/motel occupancy taxes in connection with hotel reservations that CheapTickets facilitates; rather, CheapTickets charges tax recovery charges for amounts they expect to be paid to hotels for taxes owed by the hotels. To the extent other allegations are made against CheapTickets, CheapTickets denies the allegations set forth in Paragraph 37 of the Complaint.  Except as expressly admitted or denied, CheapTickets lacks knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 37 and on that basis denies each and every averment contained therein.

38. CheapTickets lacks knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 38 and on that basis denies each and every averment contained therein.

39. CheapTickets lacks knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 39 and on that basis denies each and every averment contained therein.

40. CheapTickets lacks knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 40 and on that basis denies each and every averment contained therein.

41. CheapTickets admits that a 2003 annual report of Orbitz, Inc. was filed with the SEC on Form 10-K on March 18, 2004, pp. 11, 28, and 73, and respectfully refers the Court to its contents. CheapTickets denies any remaining allegations in Paragraph 41.

42. CheapTickets lacks knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 42 and on that basis denies each and every averment contained therein.

43. CheapTickets denies the averments in Paragraph 43 of the Complaint.

44. To the extent that Paragraph 44 purports to assert allegations of fact, however, CheapTickets states that the written Ordinance is the best evidence of its content and respectfully refers the Court thereto. Further responding, CheapTickets states that it lacks knowledge or information sufficient to form a belief as to the truth of the remainder of the averments in Paragraph 44 of the Complaint.

45. To the extent allegations are made against CheapTickets, CheapTickets denies the allegations set forth in Paragraph 45 of the Complaint. Except as expressly admitted or denied, CheapTickets lacks knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 45 and on that basis denies each and every averment contained therein.

46. CheapTickets hereby realleges and incorporates each of its responses to Paragraphs 1 through 45 of the Complaint.

47. CheapTickets lacks knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 47 and on that basis denies each and every averment contained therein.

48. CheapTickets denies the averments in Paragraph 48 of the Complaint.

49. CheapTickets denies the averments in Paragraph 49 of the Complaint.

50. CheapTickets denies the averments in Paragraph 50 of the Complaint.

51. CheapTickets denies the averments set forth in Paragraph 51 of the Complaint.

52. CheapTickets hereby realleges and incorporates each of its responses to Paragraphs 1 through 51 of the Complaint.

53. CheapTickets denies the averments in Paragraph 53 of the Complaint.

54. CheapTickets denies the averments in Paragraph 54 of the Complaint.

55. CheapTickets denies the averments in Paragraph 55 of the Complaint.

56. CheapTickets hereby realleges and incorporates each of its responses to Paragraphs 1 through 55 of the Complaint.

57. CheapTickets denies the averments in Paragraph 57 of the Complaint.

58. CheapTickets denies the averments in Paragraph 58 of the Complaint.

59. CheapTickets hereby realleges and incorporates each of its responses to Paragraphs 1 through 58 of the Complaint.

60. CheapTickets denies the averments in Paragraph 60 of the Complaint.

61. CheapTickets denies the averments in Paragraph 61 of the Complaint.

To the extent that any response is required to the Prayer for Relief, CheapTickets denies that Plaintiff is entitled to any relief. CheapTickets denies each and every averment contained in the section of the Complaint entitled "Prayer for Relief" and containing Plaintiff's prayer for judgment and damages, including all averments made in subparts (A), (C) and (D).

## AFFIRMATIVE DEFENSES

Without altering the applicable burdens of proof, CheapTickets asserts the following affirmative defenses:

### First Affirmative Defense

The Complaint fails to state a claim upon which relief may be granted.

### Second Affirmative Defense

Imposing liability on CheapTickets will require expanding Worcester County's Ordinance (the "Ordinance") beyond its constitutional limits, the wording and underlying intent of the Ordinance, and any reasonable reading of the Ordinance.

### Third Affirmative Defense

Some or all of the claims asserted by Plaintiff are barred by estoppel.

### Fourth Affirmative Defense

Some or all of the claims asserted by Plaintiff are barred by the applicable statutes of limitation, repose, and/or the doctrine of laches.

### Fifth Affirmative Defense

Through its own conduct and/or inaction, Plaintiff has consented to or waived any right to object to CheapTickets facilitating hotel reservations without collecting or remitting the taxes purportedly at issue in this case.

### Sixth Affirmative Defense

Plaintiff has no legal or factual basis to assert the claims or requests for relief set forth in the Complaint.

### Seventh Affirmative Defense

Plaintiff has already collected from the relevant local hotels all of the taxes purportedly owed under the Ordinance in this case.

### Eighth Affirmative Defense

There is a misjoinder of the defendants, each of which has engaged in separate, unrelated business transactions and each of which has a separate and independent business and business model, although none of them owns, manages, or operates hotels or other accommodations in Worcester County.

### Ninth Affirmative Defense

Plaintiff has failed to join all indispensable parties for adjudication of the claims or requests for relief averred in the Complaint, including the hotel operators or guests who may be

obligated to pay the taxes purportedly at issue in this case.

### Tenth Affirmative Defense

CheapTickets does not have a sufficient nexus with the State of Maryland and Worcester County for Plaintiff to impose a tax or tax collection obligation on CheapTickets. The sale of the CheapTickets' hotel reservation facilitation services occurs outside of Worcester County, and thus the Plaintiff does not have the power to tax the sales transaction. Furthermore, the tax Plaintiff seeks to impose is not fairly apportioned, discriminates against interstate commerce and is not fairly related to services provided. Accordingly, Plaintiff is barred by the Commerce Clause of the United States Constitution, Article I, Section 8, Clause 3, and the Due Process Clause of the United States Constitution, from seeking to impose on CheapTickets the obligation to collect and remit occupancy taxes on behalf of Plaintiff. *See, e.g., Quill Corp. v. North Dakota*, 504 U.S. 298 (1992); *Complete Auto Transit, Inc. v. Brady*, 430 U.S. 274 (1977).

### Eleventh Affirmative Defense

The Due Process Clauses of the Fifth and Fourteenth Amendments to the United States Constitution, collectively prohibit Plaintiff from seeking to subject CheapTickets to collecting and remitting obligations and potential penalties and sanctions pursuant to unconstitutionally vague ordinances.

### Twelfth Affirmative Defense

Plaintiff cannot enforce or collect the tax at issue from CheapTickets because the attempted collection of the tax violates the Internet Tax Freedom Act (a/k/a the Internet Tax Nondiscrimination Act), reproduced at 47 U.S.C. § 151 note § 1100 *et seq.*, and the Supremacy Clause of the United States Constitution.

### Thirteenth Affirmative Defense

To the extent the Complaint seeks equitable relief, such claims are barred because Plaintiff has an adequate remedy at law.

### Fourteenth Affirmative Defense

Imposition of the taxes sought by Plaintiff would result in double taxation, which is disfavored by Maryland law.

### Fifteenth Affirmative Defense

Plaintiff lacks standing to assert some or all of the claims alleged or to pursue or obtain the relief sought in the Complaint.

### Sixteenth Affirmative Defense

Plaintiff has not made a demand for the property that CheapTickets has allegedly converted, and therefore it may not pursue a conversion claim.

### Seventeenth Affirmative Defense

Any purported claim for punitive damages violates the Fifth, Sixth, Seventh, Eighth and Fourteenth Amendments to the U.S. Constitution.

### Eighteenth Affirmative Defense

Absent a showing of bad faith or malice, any purported claim for punitive damages violates the Due Process and Equal Protection Clauses in the Maryland Constitution.

### Nineteenth Affirmative Defense

Plaintiff's request for attorneys' fees is unauthorized, contrary to public policy, and/or prohibited by applicable law.

### Twentieth Affirmative Defense

CheapTickets' investigation of Plaintiff's allegations and its defenses thereto is

continuing.  CheapTickets reserves the right to supplement or amend these defenses.

WHEREFORE, CheapTickets prays for judgment as follows:

1. That Plaintiff take nothing for each and every claim for relief averred in the Complaint;

2. That judgment on the Complaint, and each and every claim for relief therein, be entered in favor of CheapTickets and against Plaintiff;

3. That CheapTickets be awarded its attorneys' fees and costs incurred herein; and

4. For such other and further relief as the Court deems just and proper.

DATED:  August 4, 2009 	Respectfully submitted,

*/s/ J. Stephen Simms*
J. Stephen Simms (#4269)
John T. Ward (#1507)
M. Scotland Morris (#25167)
SIMMS SHOWERS LLP
20 S. Charles Street, Suite 702
Telephone: (410) 783-5795
Facsimile: (410) 510-1789
E-mail: jssimms@simmsshowers.com
         jtward@simmsshowers.com
         smorris@simmsshowers.com

***Counsel for all Defendants***

OF COUNSEL:

Elizabeth B. Herrington
  (*pro hac vice* application pending)
Aron J. Frakes
  (*pro hac vice* application pending)
Megan Thibert-Ind
  (*pro hac vice* application pending)
MCDERMOTT WILL & EMERY LLP
227 West Monroe Street
Chicago, Illinois  60606
Telephone:   (312) 372-2000
Facsimile:   (312) 984-7700
E-mail: eherrington@mwe.com
       ajfrakes@mwe.com
       mthibert-ind@mwe.com

*Counsel for Defendants Orbitz, LLC;*
*Orbitz Worldwide, Inc.; Travelport, Inc.*
*(f/k/a Cendant Travel Distribution Services*
*Group, Inc.); and Trip Network, Inc.*
*(d/b/a CheapTickets)*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on August 4, 2009, I caused the foregoing to be filed with the Court's CM/ECF system for service on all record counsel.

                                              */s/ M. Scotland Morris*
                                              M. Scotland Morris