IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MARYLAND

| | | |
|---|---|---|
| COUNTY COMMISSIONERS OF WORCESTER COUNTY, MARYLAND | * | |
| | * | |
| Plaintiff, | | Civil Action No. MJG-09-0013 |
| | * | |
| v. | | |
| | * | |
| PRICELINE.COM INCORPORATED, *ET AL.*, | | |
| | * | |
| Defendants. | | |
| | * | |

\*     \*     \*     \*     \*     \*     \*     \*

**DEFENDANT ORBITZ WORLDWIDE, INC.'S ANSWER
AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT**

Defendant Orbitz Worldwide, Inc.[1] hereby submits its Answer and Affirmative Defenses to Plaintiff's Complaint ("Complaint"). For the purposes of its Answer and Affirmative Defenses, Orbitz Worldwide, Inc. will respond to all averments in the Complaint directed to "Defendants" as referring only to Orbitz Worldwide, Inc.. Unless otherwise indicated, Orbitz Worldwide, Inc. lacks sufficient information to form a belief as to the truth of the averments directed to other Defendants, and on that basis denies each and every such averment.

**ANSWER**

1.     Orbitz Worldwide, Inc. admits that Worcester County purports to bring this action against Defendants. Except as expressly admitted, Orbitz Worldwide, Inc. denies the averments in Paragraph 1 of the Complaint.

2.     Orbitz Worldwide, Inc. denies the averments in Paragraph 2 of the Complaint.

---

[1] Orbitz Worldwide, Inc. does not own or operate an online travel business or travel website. Orbitz Worldwide, Inc. is not a proper party to this lawsuit and its counsel has been working with Plaintiff's counsel to obtain a voluntary dismissal. Orbitz Worldwide, Inc. does not waive its right to seek dismissal because it is an improper party.

3. Orbitz Worldwide, Inc. admits it does not remit any taxes directly to Plaintiff because Orbitz Worldwide, Inc. is not required to do so. Except as expressly admitted, Orbitz Worldwide, Inc. admits the averments in Paragraph 3 of the Complaint.

4. Orbitz Worldwide, Inc. denies the averments in Paragraph 4 of the Complaint.

5. Paragraph 5 of the Complaint states legal conclusions that require no response. To the extent Paragraph 5 purports to assert allegations of fact, however, Orbitz Worldwide, Inc. denies the allegations.

6. Paragraph 6 of the Complaint states legal conclusions that require no response. To the extent Paragraph 6 purports to assert allegations of fact, however, Orbitz Worldwide, Inc. denies the allegations.

7. Paragraph 7 of the Complaint states legal conclusions that require no response. To the extent Paragraph 7 purports to assert allegations of fact, however, Orbitz Worldwide, Inc. denies the allegations.

8. Orbitz Worldwide, Inc. admits that Plaintiff purports to be Worcester County. Except as expressly admitted, Orbitz Worldwide, Inc. lacks knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 8 and on that basis denies each and every averment contained therein.

9. Orbitz Worldwide, Inc. lacks knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 9 and on that basis denies each and every averment contained therein.

10. Orbitz Worldwide, Inc. admits the averments in Paragraph 10 of the Complaint.

11. Orbitz Worldwide, Inc. lacks knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 11 and on that basis denies each and every averment

contained therein.

12. Orbitz Worldwide, Inc. lacks knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 12 and on that basis denies each and every averment contained therein.

13. Orbitz Worldwide, Inc. lacks knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 13 and on that basis denies each and every averment contained therein.

14. Orbitz Worldwide, Inc. lacks knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 14 and on that basis denies each and every averment contained therein.

15. Orbitz Worldwide, Inc. lacks knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 15 and on that basis denies each and every averment contained therein.

16. Orbitz Worldwide, Inc. lacks knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 16 and on that basis denies each and every averment contained therein.

17. Paragraph 17 contains no factual allegations, thus no response is required.

18. Orbitz Worldwide, Inc. lacks knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 18 and on that basis denies each and every averment contained therein.

19. Orbitz Worldwide, Inc. lacks knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 19 and on that basis denies each and every averment contained therein.

20. Orbitz Worldwide, Inc. lacks knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 20 and on that basis denies each and every averment contained therein.

21. Orbitz Worldwide, Inc. lacks knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 21 and on that basis denies each and every averment contained therein.

22. Paragraph 22 contains no factual allegations, thus no response is required.

23. Orbitz Worldwide, Inc. admits the averments in Paragraph 23.

24. Orbitz Worldwide, Inc. lacks knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 24 and on that basis denies each and every averment contained therein.

25. Orbitz Worldwide, Inc. lacks knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 25 and on that basis denies each and every averment contained therein.

26. Orbitz Worldwide, Inc. lacks knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 26 and on that basis denies each and every averment contained therein.

27. Paragraph 27 contains no factual allegations, thus no response is required.

28. Orbitz Worldwide, Inc. lacks knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 28 except that hotel reservation facilitation services has experienced growth since 1997. On this basis, Orbitz Worldwide, Inc. denies the remaining averments contained therein.

29. Orbitz Worldwide, Inc. denies that it "rents" hotel rooms. To the extent other

allegations are made against Orbitz Worldwide, Inc., Orbitz Worldwide, Inc. denies the allegations set forth in Paragraph 29 of the Complaint. Except as expressly admitted or denied, Orbitz Worldwide, Inc. lacks knowledge or information sufficient to form a belief as to the truth of the remaining averments in Paragraph 29 and on that basis denies each and every remaining averment contained therein.

30. Orbitz Worldwide, Inc. lacks knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 30 and on that basis denies each and every averment contained therein.

31. Orbitz Worldwide, Inc. lacks knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 31 and on that basis denies each and every averment contained therein.

32. Orbitz Worldwide, Inc. lacks knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 32 and on that basis denies each and every averment contained therein.

33. Orbitz Worldwide, Inc. lacks knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 33 and on that basis denies each and every averment contained therein.

34. Orbitz Worldwide, Inc. lacks knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 34 and on that basis denies each and every averment contained therein.

35. Orbitz Worldwide, Inc. lacks knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 35 and on that basis denies each and every averment contained therein.

36. Orbitz Worldwide, Inc. lacks knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 36 and on that basis denies each and every averment contained therein.

37. Orbitz Worldwide, Inc. lacks knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 37 and on that basis denies each and every averment contained therein.

38. Orbitz Worldwide, Inc. lacks knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 38 and on that basis denies each and every averment contained therein.

39. Orbitz Worldwide, Inc. lacks knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 39 and on that basis denies each and every averment contained therein.

40. Orbitz Worldwide, Inc. lacks knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 40 and on that basis denies each and every averment contained therein.

41. Orbitz Worldwide, Inc. admits that a 2003 annual report of Orbitz, Inc. was filed with the SEC on Form 10-K on March 18, 2004, pp. 11, 28, and 73, and respectfully refers the Court to its contents. Orbitz Worldwide, Inc. denies any remaining allegations in Paragraph 41.

42. Orbitz Worldwide, Inc. lacks knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 42 and on that basis denies each and every averment contained therein.

43. Orbitz Worldwide, Inc. lacks knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 43 and on that basis denies each and every averment

contained therein.

44. To the extent that Paragraph 44 purports to assert allegations of fact, however, Orbitz Worldwide, Inc. states that the written Ordinance is the best evidence of its content and respectfully refers the Court thereto. Further responding, Orbitz Worldwide, Inc. states that it lacks knowledge or information sufficient to form a belief as to the truth of the remainder of the averments in Paragraph 44 of the Complaint.

45. Orbitz Worldwide, Inc. lacks knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 45 and on that basis denies each and every averment contained therein.

46. Orbitz Worldwide, Inc. hereby realleges and incorporates each of its responses to Paragraphs 1 through 45 of the Complaint.

47. Orbitz Worldwide, Inc. lacks knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 47 and on that basis denies each and every averment contained therein.

48. Orbitz Worldwide, Inc. lacks knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 48 and on that basis denies each and every averment contained therein.

49. Orbitz Worldwide, Inc. lacks knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 49 and on that basis denies each and every averment contained therein.

50. Orbitz Worldwide, Inc. lacks knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 50 and on that basis denies each and every averment contained therein.

51. Orbitz Worldwide, Inc. lacks knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 51 and on that basis denies each and every averment contained therein.

52. Orbitz Worldwide, Inc. hereby realleges and incorporates each of its responses to Paragraphs 1 through 51 of the Complaint.

53. Orbitz Worldwide, Inc. lacks knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 53 and on that basis denies each and every averment contained therein.

54. Orbitz Worldwide, Inc. lacks knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 54 and on that basis denies each and every averment contained therein.

55. Orbitz Worldwide, Inc. lacks knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 55 and on that basis denies each and every averment contained therein.

56. Orbitz Worldwide, Inc. hereby realleges and incorporates each of its responses to Paragraphs 1 through 55 of the Complaint.

57. Orbitz Worldwide, Inc. lacks knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 57 and on that basis denies each and every averment contained therein.

58. Orbitz Worldwide, Inc. lacks knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 58 and on that basis denies each and every averment contained therein.

59. Orbitz Worldwide, Inc. hereby realleges and incorporates each of its responses to

Paragraphs 1 through 58 of the Complaint.

60. Orbitz Worldwide, Inc. lacks knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 60 and on that basis denies each and every averment contained therein.

61. Orbitz Worldwide, Inc. lacks knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 61 and on that basis denies each and every averment contained therein.

To the extent that any response is required to the Prayer for Relief, Orbitz Worldwide, Inc. denies that Plaintiff is entitled to any relief. Orbitz Worldwide, Inc. denies each and every averment contained in the section of the Complaint entitled "Prayer for Relief" and containing Plaintiff's prayer for judgment and damages, including all averments made in subparts (A), (C) and (D).

## **AFFIRMATIVE DEFENSES**

Without altering the applicable burdens of proof, Orbitz Worldwide, Inc. asserts the following affirmative defenses:

### **First Affirmative Defense**

The Complaint fails to state a claim upon which relief may be granted.

### **Second Affirmative Defense**

Imposing liability on Orbitz Worldwide, Inc. will require expanding Worcester County's Ordinance (the "Ordinance") beyond its constitutional limits, the wording and underlying intent of the Ordinance, and any reasonable reading of the Ordinance.

### **Third Affirmative Defense**

Some or all of the claims asserted by Plaintiff are barred by estoppel.

### Fourth Affirmative Defense

Some or all of the claims asserted by Plaintiff are barred by the applicable statutes of limitation, repose, and/or the doctrine of laches.

### Fifth Affirmative Defense

Through its own conduct and/or inaction, Plaintiff has consented to or waived any right to object to Orbitz Worldwide, Inc. facilitating hotel reservations without collecting or remitting the taxes purportedly at issue in this case.

### Sixth Affirmative Defense

Plaintiff has no legal or factual basis to assert the claims or requests for relief set forth in the Complaint.

### Seventh Affirmative Defense

Plaintiff has already collected from the relevant local hotels all of the taxes purportedly owed under the Ordinance in this case.

### Eighth Affirmative Defense

There is a misjoinder of the defendants, each of which has engaged in separate, unrelated business transactions and each of which has a separate and independent business and business model, although none of them owns, manages, or operates hotels or other accommodations in Worcester County.

### Ninth Affirmative Defense

Plaintiff has failed to join all indispensable parties for adjudication of the claims or requests for relief averred in the Complaint, including the hotel operators or guests who may be obligated to pay the taxes purportedly at issue in this case.

**Tenth Affirmative Defense**

Orbitz Worldwide, Inc. does not have a sufficient nexus with the State of Maryland and Worcester County for Plaintiff to impose a tax or tax collection obligation on Orbitz Worldwide, Inc.. The sale of hotel reservation facilitation services occurs outside of Worcester County, and thus the Plaintiff does not have the power to tax the sales transaction. Furthermore, the tax Plaintiff seeks to impose is not fairly apportioned, discriminates against interstate commerce and is not fairly related to services provided. Accordingly, Plaintiff is barred by the Commerce Clause of the United States Constitution, Article I, Section 8, Clause 3, and the Due Process Clause of the United States Constitution, from seeking to impose on Orbitz Worldwide, Inc. the obligation to collect and remit occupancy taxes on behalf of Plaintiff. *See, e.g., Quill Corp. v. North Dakota*, 504 U.S. 298 (1992); *Complete Auto Transit, Inc. v. Brady*, 430 U.S. 274 (1977).

**Eleventh Affirmative Defense**

The Due Process Clauses of the Fifth and Fourteenth Amendments to the United States Constitution, collectively prohibit Plaintiff from seeking to subject Orbitz Worldwide, Inc. to collecting and remitting obligations and potential penalties and sanctions pursuant to unconstitutionally vague ordinances.

**Twelfth Affirmative Defense**

Plaintiff cannot enforce or collect the tax at issue from Orbitz Worldwide, Inc. because the attempted collection of the tax violates the Internet Tax Freedom Act (a/k/a the Internet Tax Nondiscrimination Act), reproduced at 47 U.S.C. § 151 note § 1100 *et seq.*, and the Supremacy Clause of the United States Constitution.

**Thirteenth Affirmative Defense**

To the extent the Complaint seeks equitable relief, such claims are barred because

Plaintiff has an adequate remedy at law.

### Fourteenth Affirmative Defense

Imposition of the taxes sought by Plaintiff would result in double taxation, which is disfavored by Maryland law.

### Fifteenth Affirmative Defense

Plaintiff lacks standing to assert some or all of the claims alleged or to pursue or obtain the relief sought in the Complaint.

### Sixteenth Affirmative Defense

Plaintiff has not made a demand for the property that Orbitz Worldwide, Inc. has allegedly converted, and therefore it may not pursue a conversion claim.

### Seventeenth Affirmative Defense

Any purported claim for punitive damages violates the Fifth, Sixth, Seventh, Eighth and Fourteenth Amendments to the U.S. Constitution.

### Eighteenth Affirmative Defense

Absent a showing of bad faith or malice, any purported claim for punitive damages violates the Due Process and Equal Protection Clauses in the Maryland Constitution.

### Nineteenth Affirmative Defense

Plaintiff's request for attorneys' fees is unauthorized, contrary to public policy, and/or prohibited by applicable law.

### Twentieth Affirmative Defense

Orbitz Worldwide, Inc.'s investigation of Plaintiff's allegations and its defenses thereto is continuing. Orbitz Worldwide, Inc. reserves the right to supplement or amend these defenses.

WHEREFORE, Orbitz Worldwide, Inc. prays for judgment as follows:

1. That Plaintiff take nothing for each and every claim for relief averred in the Complaint;

2. That judgment on the Complaint, and each and every claim for relief therein, be entered in favor of Orbitz Worldwide, Inc. and against Plaintiff;

3. That Orbitz Worldwide, Inc. be awarded its attorneys' fees and costs incurred herein; and

4. For such other and further relief as the Court deems just and proper.

DATED: August 4, 2009　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　*/s/ J. Stephen Simms*
　　　　　　　　　　　　　　　　　　　　J. Stephen Simms (#4269)
　　　　　　　　　　　　　　　　　　　　John T. Ward (#1507)
　　　　　　　　　　　　　　　　　　　　M. Scotland Morris (#25167)
　　　　　　　　　　　　　　　　　　　　SIMMS SHOWERS LLP
　　　　　　　　　　　　　　　　　　　　20 S. Charles Street, Suite 702
　　　　　　　　　　　　　　　　　　　　Telephone: (410) 783-5795
　　　　　　　　　　　　　　　　　　　　Facsimile: (410) 510-1789
　　　　　　　　　　　　　　　　　　　　E-mail:jssimms@simmsshowers.com
　　　　　　　　　　　　　　　　　　　　　　　　jtward@simmsshowers.com
　　　　　　　　　　　　　　　　　　　　　　　　smorris@simmsshowers.com

　　　　　　　　　　　　　　　　　　　　***Counsel for all Defendants***

OF COUNSEL:

Elizabeth B. Herrington
  (*pro hac vice* application pending)
Aron J. Frakes
  (*pro hac vice* application pending)
Megan Thibert-Ind
  (*pro hac vice* application pending)
MCDERMOTT WILL & EMERY LLP
227 West Monroe Street
Chicago, Illinois  60606
Telephone:     (312) 372-2000
Facsimile:      (312) 984-7700
E-mail: eherrington@mwe.com
            ajfrakes@mwe.com
            mthibert-ind@mwe.com

*Counsel for Defendants Orbitz, LLC;*
*Orbitz Worldwide, Inc.; Travelport, Inc.*
*(f/k/a Cendant Travel Distribution Services*
*Group, Inc.); and Trip Network, Inc.*
*(d/b/a CheapTickets)*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on August 4, 2009, I caused the foregoing to be filed with the Court's CM/ECF system for service on all record counsel.

>  */s/ M. Scotland Morris*
>  M. Scotland Morris